SHORES, Justice.
This is an appeal from a judgment entered on a jury verdict that neither party should recover from the other. The plaintiff prosecutes this appeal pro se. The record on appeal consists of the clerk’s record. No transcript of the evidence is included. The facts, as best we can determine them, are as follows:
This case arose out of a dispute over money. The plaintiff is a carpenter employed by Draper Correctional Center. The defendant is a state representative. The defendant allegedly hired the plaintiff to do some carpentry work on some houses that the defendant owned. The plaintiff was allowed to charge the materials that he required on the defendant’s account with a local home repair center.
After the plaintiff had been working for several months on the defendant’s projects, a dispute arose over a bill from the home repair center. The defendant accused the plaintiff of misappropriating some of the materials and demanded to be paid for them. The plaintiff claimed that he was owed a greater amount for work he had already performed, and refused to pay for the materials.
The defendant telephoned the plaintiff at home, demanding payment. He telephoned the plaintiffs supervisor, asking for his help in forcing the plaintiff to pay the claim. He called the sheriff, asking for his *720 help, and he called the prison commissioner, allegedly in an attempt to have the plaintiff’s job threatened. The plaintiff sued, stating several causes of action, including the tort of outrage and slander. The defendant counterclaimed for the amount he claimed from the plaintiff. The jury resolved the issues raised by the plaintiff’s complaint in favor of the defendant, and resolved the issues raised by the defendant’s counterclaim in favor of the plaintiff.
The plaintiff makes four arguments on appeal: first, that his attorney should have requested a change of venue; second, that his attorney should not have requested a delay at the beginning of the trial; third, that his attorney failed to call some of the witnesses that had been subpoenaed for trial; and, finally, that he was denied effective legal counsel.
Unfortunately, none of these arguments points to any error by the trial court that might be reviewable on appeal. Nothing in the record indicates that any prejudicial error occurred at trial, and none of these arguments was presented to the trial court for its determination.
“On appeal, the Supreme Court is limited to a review of the record alone, and an issue not reflected in the record as having been raised in the trial court [generally] cannot be raised for the first time on appeal.” Mobile Wrecker Owners Ass’n, Inc. v. City of Mobile, 461 So.2d 1303 (Ala.1984).
Consequently, we must affirm the judgment.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and ADAMS, JJ., concur.