HOUSTON, Justice
(dissenting).
Wherein did the trial court err?
Count three was the only count of the complaint that alleged a wrongful denial of benefits. This is the count set out in full in the majority opinion. This count was dismissed by the trial court on November 5, 1986. Culberson does not appeal from that dismissal or allege that it was error. Cul-berson, in count one, alleged breach of his employment contract; in count two, intentional interference with contractual relations; and in count four, the tort of outrage. A summary judgment was granted to Banker’s Life on June 1, 1988, on those three counts. Culberson appealed from the summary judgment on those counts and stated the following as the sole issue:
*483 “[Did] the trial court [commit] error in granting the Appellee’s, Bankers Life Company, a corporation, Motion for Summary Judgment as to the Appellant, Perry D. Culberson, Jr.’s, allegations of denial of employer-employee benefits due Percy D. Culberson, Jr., subsequent to the termination of Mr. Culberson’s agent contract with Bankers Life Company, which benefits included pension benefits, life insurance coverages, medical and dental benefits ?” (Emphasis supplied.)
Culberson argues only that the trial court committed error in not allowing him to assert his claims under the Employee Retirement Income Security Act (“ERISA”). Culberson admits, however, that his complaint does not specifically allege claims under ERISA, and he points to no part of the record that indicates that a claim under ERISA was ever presented to the trial court or that the trial court denied him the right to present such a claim. Cul-berson does not even appeal from the trial court’s dismissal of his only count that alleged a wrongful denial of employee benefits subsequent to the termination of his agent’s contract (the count set out in the majority opinion).
“ ‘On appeal, the Supreme Court is limited to a review of the record alone, and an issue not reflected in the record as having been raised in the trial court [generally] cannot be raised for the first time on appeal.’ Mobile Wrecker Owners Ass’n, Inc. v. City of Mobile, 461 So.2d 1303 (Ala.1984).”
Daniels v. Flowers, 527 So.2d 719, 720 (Ala.1988).
“It is a fundamental rule of appellate procedure that, regardless of [the] merits of [an] appellant’s contentions, appellate courts will not review questions not decided by the trial court. McWhorter v. Clark, 342 So.2d 903 (Ala.1977). The Supreme Court cannot put a trial court in error for failure to rule on a matter which, according to the record, was not presented to nor decided by it. Defore v. Bourjois, Inc., 268 Ala. 228, 105 So.2d 846 (1958).”
Bevill v. Owen, 364 So.2d 1201, 1203 (Ala.1979); and see 2 Ala.Digest, Appeal and Error, Key number 242(1).
I believe that the majority opinion ignores these basic principles of appellate procedure; therefore, I dissent.
STEAGALL, J., concurs.