The taxpayers and citizens of the City of Foley, Alabama, represented by the district attorney of Baldwin County, appeal from a judgment validating an ordinance authorizing the City of Foley to issue warrants as an incident to establishing a mutual insurance corporation. The circuit court confirmed the issuance of the warrants and validated the actions of the city, pursuant to Ala. Code 1975, § 6-6-750 et seq.
The City of Foley, which was faced with rapidly escalating insurance premiums and a concomitant reduction in coverage, sought to organize a mutual insurance company for its own benefit. Pursuant to this plan it adopted an ordinance authorizing the issuance of "general obligation warrants" in the aggregate principal amount of $200,000. The City of Foley filed a petition pursuant to Ala. Code 1975, § 6-6-751, requesting validation of the proposed issue of general obligation warrants. The city gave legal notice to its taxpayers and citizens, and a hearing was held, pursuant to §6-6-753, before a circuit judge of Baldwin County. Although no citizens appeared in the case to contest the matter, the district attorney for Baldwin County represented their interest and filed the present appeal. Several issues are raised by the appellants, and each shall be addressed in turn.
Appellants first contend that there is no case or controversy pending and therefore that the circuit court did not have jurisdiction. Jurisdiction for the present suit is under Tit. 6, Art. 17, Ala. Code 1975, Section 6-6-751 provides as follows:
 "[W]hen the governing body of any [city], in any case where an election is *Page 1263 
not required by the Constitution or laws of this state, shall adopt any ordinance or resolution or take any other action required by law for the issuance of obligations of such [city] the governing body of such [city] may in its discretion, before the issuance of any of such obligations, determine its authority to issue such obligations and the legality of all proceedings had or taken in connection therewith, the validity of the tax or other means provided for the payment thereof and the validity of all pledges of revenues and of all covenants and provisions contained in any such ordinance or resolution by filing a petition against the taxpayers and citizens of the [city] in the circuit court of the county. . . ."
Under the language of this statute, the city was acting within its discretion to file suit when it did. Unless an allegation of fraud, corruption, or undue influence is made, this Court will not inquire into that discretion. Townsend v. McCall,262 Ala. 554, 80 So.2d 262 (1955). The circuit judge found that there was no evidence of fraud, collusion, or unfair dealing, and no argument regarding such matters has been made on appeal. Under the facts present in this case, it is apparent that the city filed suit on this early occasion to resolve any questions regarding the legality of establishing a mutual insurance plan before it incurred any substantial expense.
Appellants next contend that the city has no power to acquire insurance. As this Court said in Johnson v. City of Sheffield,236 Ala. 411, 413, 183 So. 265 (1938), "[A] municipal corporation can exercise only the following powers: Those granted in express terms; those necessarily implied in, or incident to, the powers expressly conferred; and those indispensably necessary to the accomplishment of the declared objects and purposes of the municipality." Citing New Decaturv. Berry, 90 Ala. 432, 7 So. 838 (1889). This Court is most persuaded by the city's argument that the acquisition of insurance coverage is necessarily implied by its express powers and indispensably necessary to its declared objectives. City ofMontgomery v. Collins, 355 So.2d 1111, 1114 (Ala. 1978), held that protection of the city's interest through employment of outside legal counsel was within the reasonable scope of "proper corporate interest" when the city and its officers might be subject to civil liability under agency principles for the actions of its agents.
Section 27-27-21, regarding membership in a mutual insurer, states in part:
 "(b) Any individual, or firm or any public or private corporation, board or association in this state, or elsewhere, may make application, enter into agreements for and hold policies in any such mutual insurer. . . . . The right of any corporation organized under the laws of this state to participate as a member of any such insurer is declared to be incidental to the purpose for which the corporation is organized and as much granted as the rights and powers expressly conferred.
 "(c) The right of certain governmental bodies or agencies of this state to become, and be, policyholders of mutual insurers shall be as provided by the laws of this state governing such bodies or agencies."
This Court finds that a city or other public corporation is authorized to be a policyholder of a mutual insurance plan under the above-quoted language. As the city aptly pointed out in its brief, it would be imprudent for a small municipality, under most conditions, not to cover its "exposure."
Appellants also argue that the city cannot fund its current liabilities with long-term debt as prescribed by the ordinance. Authorization for the warrants issued by the city is pursuant to Ala. Code 1975, § 11-47-2, which states:
 "Any incorporated city or town in this state may borrow money for temporary or any other lawful purpose or use to the extent of its constitutional debt limit and pay all costs, fees and commissions agreed upon in connection with any such loans, and the governing body thereof may, without an election, issue evidences of indebtedness in the form of interest-bearing warrants, notes or bills payable, *Page 1264 
maturing at such times as such governing body may determine, not exceeding 15 years from the date of issue, and any such city or town may as security for any such evidences of indebtedness and, as a part of the contract whereunder any money is borrowed, agree to annually levy, collect and apply to the payment thereof, so long as the same or any part remains unpaid, any special tax or license authorized on the date of such contract to be levied and collected."
That section explicitly grants the City of Foley the authority to issue the warrants for any lawful purpose, including implementation of the mutual insurance program. The $200,000 issue of warrants maturing in 10 years clearly falls within the purview of the section. The fact that the first year's premium is to be funded out of the proceeds of the warrants is likewise inconsequential. Section 11-47-2 imposes no restriction on the use of the funds regarding current or long-term liabilities, so no challenge can be made on that basis under the statute.
Appellants also challenge the proposed program on the basis of § 35 of the Alabama Constitution of 1901, which states:
 [T]he sole object and only legitimate end of government is to protect the citizen in the enjoyment of life, liberty, and property, and when the government assumes other functions it is usurpation and oppression."
This Court concurs with the ruling of the circuit judge that the use of the proceeds of the warrants to contribute to the reserves or surplus of the company does not constitute a violation of § 35. That section has been construed to prohibit the state or its subdivisions from engaging in a business venture "solely for the purpose of raising revenues." Churchillv. Board of Trustees of University of Alabama in Birmingham,409 So.2d 1382, 1386 (Ala. 1982). In that case we held that the University of Alabama at Birmingham could sell hearing aids as a function reasonably related to its educational and research objectives. Section 35 will not prohibit the activity where the endeavor is not entered into solely as a revenue producing operation and is reasonably related to the objectives of the governmental unit. Alabama State Florists Ass'n, Inc. v. LeeCounty Hospital Board, 479 So.2d 720 (Ala. 1985).
Although appellants contend that the organization of the mutual insurance company is for the purpose of generating revenue, there is no indication that the mutual insurance company created by the ordinance will be revenue producing. Forming a mutual insurer is reasonably related to the permissible objective of obtaining insurance to minimize exposure to liability. Thus, we agree that the plan does not violate § 35.
Appellants also raise § 94 of the Alabama Constitution as a bar to organization of a mutual insurance plan for the benefit of the City of Foley. That section provides as follows:
 "The legislature shall not have power to authorize any county, city, town, or other subdivision of this state to lend its credit, or to grant public money or thing of value in aid of, or to any individual, association, or corporation whatsoever, or to become a stockholder in any such corporation, association, or company, by issuing bonds or otherwise."
Section 94 was amended by Amendment No. 112, but that amendment is not pertinent here.
The circuit judge concluded that the mutual insurance plan organized by the city would not violate § 94. His findings were:
 "Any use of the assets of such insurance company to pay any private person, firm or corporation for services to such company will be no more than compensation for services rendered and would not constitute a lending of credit or a grant of public money or thing of value in violation of Section 94 of the Constitution, since services and benefits will be rendered in exchange for such compensation."
The circuit court's findings and conclusions indicate a proper application of the test articulated in Rogers v. City ofMobile, 277 Ala. 261, 278, 169 So.2d 282, 298 (1964):
 "When a contract of a public body is an ordinary commercial contract, with benefits flowing to both parties and a *Page 1265 
consideration on both sides, it is not a lending of credit by the public body. Otherwise, §§ 93 and 94, Constitution 1901, as amended, would prohibit any public body from entering into any contract whereunder the other party gained any benefits whatever."
This holding has been followed in Mobile Wrecker Owners Ass'n,Inc. v. City of Mobile, 461 So.2d 1303 (Ala. 1984); and Ramerv. City of Hoover, 437 So.2d 455, 467 (Ala. 1983). The court did not err in finding no violation of § 94.
Appellant's final contention, that participation in the plan will be a waste of public funds, also is without merit. The circuit judge concluded:
 "Use of the proceeds of the Warrants to contribute to the surplus or reserves of the Company will not subject the City to loss or constitute a prohibited waste of public funds if the Company is not organized because the City's money will be fully refunded pursuant to Sections 27-27-18 and 27-27-19 of the Code."
On the basis of the findings of fact and conclusions of law presented by the circuit judge, we conclude that there was no error in the validation proceeding below. The judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.