ROBERTSON, Presiding Judge.
John White, a retired assistant fire chief for the City of Dothan (City), appeals from an order of the trial court granting the City’s motion for summary judgment in his action based on the Fair Labor Standards Act of 1938 (FLSA). 29 U.S.C. §§ 201 through 219 (1986 and supp. 1993).
The FLSA requires an employer to pay an employee not less than one and one-half times their regular wage rate for any overtime worked. 29 U.S.C. § 207. The overtime provisions of the FLSA have been held to apply to municipalities. Atlanta Professional Firefighters Union, Local 134 v. City of Atlanta, 920 F.2d 800 (11th Cir.1991) (citing Garcia v. San Antonio Metro. Transit Auth., 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985)).
Pursuant to the provisions of the FLSA, the City established a work period of 19 days for its firefighters, during which the firemen were scheduled to work a total of 144 hours. Under the provisions of the FLSA, this required the City to pay its firemen one and one-half times their regular wage rate for time worked in excess of 144 hours per 19-day work period. The FLSA provides that certain salaried and administrative employees are exempt from the protection of the FLSA. See 29 U.S.C. § 213 (supp.1993) and 29 C.F.R. § 541.2 (1993).
White was hired by the City as a firefighter in 1960. He advanced through the ranks, and on March 28, 1986, he was promoted to the position of assistant fire chief, in which he remained until his retirement on July 29, 1990. The City did not pay the assistant fire chiefs one and one-half times their normal wage rate for any time that they worked in excess of the 144 hours per work period; they were paid their regular rate of pay. By a memorandum dated July 23, 1990, White and two other assistant fire chiefs formally requested Fire Chief Buford C. Fortson to pay them overtime for all the non-scheduled work days that they had worked during their tenures as assistant fire chiefs. Chief Fort-son, on the recommendation of Jim Owen, the City’s personnel director, denied their request on the ground that assistant fire chiefs were exempt from the protection of the FLSA.
In June 1992, White filed a complaint in the Houston County Circuit Court, seeking extra compensation pursuant to the FLSA for the overtime hours that he had been required to work during his tenure as an assistant fire chief. On August 4, 1992, the City answered, denying that extra compensa *1007 tion was due and alleging as an affirmative defense that White’s position as an assistant fire chief exempted him from the overtime pay requirements of the FLSA.
White filed a motion for summary judgment, to which he attached an affidavit requesting $81,696.75 for the extra overtime pay that he alleged was due him. The City filed a cross-motion for summary judgment. Following a hearing on both motions, the trial court entered a judgment which, inter aha, granted the City’s motion for summary judgment, finding that White’s employee status was exempt from the FLSA because he was an administrative employee.
White appeals, contending that there was a genuine issue of material fact as to whether he was a salaried and an administrative employee.
An appellate court reviewing a summary judgment employs the same standard utilized by the trial court. Southern Guar. Ins. Co. v. First Alabama Bank, 540 So.2d 732 (Ala.1989). A summary judgment is proper when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(e)(3), Ala.R.Civ.P. Further, the moving party bears the burden of proof. Jones v. Newton, 454 So.2d 1345 (Ala.1984). Like the trial court, the appellate court views the evidence and resolves all reasonable doubts in favor of the nonmovant. Specialty Container Mfg., Inc. v. Rusken Packaging, Inc., 572 So.2d 403 (Ala.1990).
In determining whether an employee is exempt from the protection of the FLSA, we must narrowly construe the exemption against the employer. Corning Glass Works v. Brennan, 417 U.S. 188, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974). The employer bears the burden of proving that the administrative exemption applies to the employee. Id. “Although historical facts regarding the employment history, and inferences based on these facts, are reviewed under the factual standard, the ultimate decision whether an employee is exempt is a question of law.” Smith v. City of Jackson, 954 F.2d 296, 298 (5th Cir.1992).
The City asserts that White, as an assistant fire chief, was employed in an administrative capacity. Federal regulations provide two tests for determining whether an employee is employed in a bona fide administrative capacity, the “long test” and the “short test.” 29 C.F.R. § 541.2; Atlanta Professional Firefighters Union, supra.
Title 29 C.F.R. § 541.2 provides:
“The term ‘employee employed in a bona fide ... administrative ... capacity’ in [29 U.S.C. § 213(a)(1)] shall mean any employee:
“(a) Whose primary duty consists of either:
“(1) The performance of office or non-manual work directly related to management policies or general business operations of his employer or his employer’s customers, or “(2) ...; and
“(b) Who customarily and regularly exercises discretion and independent judgment; and
“(c)(1) Who regularly and directly assists a proprietor, or an employee employed in a bona fide executive or administrative capacity (as such terms are defined in the regulations of this subpart), or
“(2) Who performs under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge, or “(3) Who executes under only general supervision special assignments and tasks; and
“(d) Who does not devote more than 20 percent ... to activities which are not directly and closely related to the performance of the work described in paragraphs (a) through (e) of this section; and
“(e)(1) Who is compensated for his services on a salary or fee basis at a rate of not less than $155 per week ... exclusive of board, lodging, or other facilities, or
*1008 “(2) ... Provided, That an employee who is compensated on a salary or fee basis at a rate of not less than $250 per week ... and whose primary duty consists of the performance of work described in paragraph (a) of this section, which includes work requiring the exercise of discretion and independent judgment, shall be deemed to meet all the requirements of this section.”
The City contends that White should be classified as a “bona fide administrative” employee pursuant to the “short test” set forth in 29 C.F.R. § 541.2(e)(2). White concedes that he was paid more than $250 per week during the period for which he now claims overtime pay, however, he denies that he was a salaried employee or that he served in a managerial position.
The first prong of the short test in determining whether White may be classified as a “bona fide administrative” employee is whether he was paid on a salary basis. Atlanta Professional Firefighters Union, supra.
Title 29 C.F.R. § 541.118(a) defines the phrase “on a salary basis”:
“An employee will be considered to be paid ‘on a salary basis’ within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.”
The fact that an employee’s salary varies from paycheck to paycheck does not preclude a finding that the employee has received a predetermined amount constituting all or part of his compensation. Id.; Atlanta Professional Firefighters Union, supra.
In support of its motion for summary judgment, the City submitted the affidavit of Jim Owen, the City’s personnel director. In that affidavit, Mr. Owen stated that “at all times materially relevant hereto, [White] always regularly received biweekly a predetermined amount of salary which constituted all or part of the compensation due him.” Mr. Owen also stated in his affidavit that White’s compensation was never at any time materially reduced because of variations in the quality or quantity of his work. In his affidavit, White insists that he was not a salaried employee.
After reviewing the record, White’s salary history, paycheck stubs, and deposition testimony, it is clear that he was paid a predetermined amount which was not subject to reduction for variations in the quantity or the quality of the work he performed. Although' the total paycheck often varied upward from the predetermined amount, the evidence does not show that it ever was reduced below the predetermined amount. We find, therefore, that White was paid on a salary basis.
“The second prong of the ‘short test’ requires the City to establish that [White’s] ‘primary duty [was] administrative.” Atlanta Professional Firefighters Union, 920 F.2d at 805.
In support of its motion for summary judgment, the City submitted Mr. Owen’s affidavit in which he stated that “[White’s] duties consisted of more than 50% administrative work involving [the] exercise of discretion and independent judgment.” However, White testified in his deposition that he did not do administrative work, because such work “was done higher up.” In his affidavit, White further explained the nature of his duties:
“My duties as Assistant Chief [were] to see that all stations and equipment were kept clean, [and to] make out daily work sheets, which had to be approved by the Deputy Chief....
“The Assistant Chief directed fire fighting at fires until the Deputy Chief or Chief arrived on the scene. We had to make sure all trucks and equipment were in working order. The Assistant Chief ran errands for the Deputy Chief and Chief. My job was a supervisory position, not a managerial position....”
The official job description for an Assistant Fire Chief submitted by the City in support of its motion defined the position as follows:
*1009 “[Assistant Fire Chiefs] perform skilled supervisory and administrative fire fighting work in directing the activities of all municipal fire companies during an assigned tour of duty.
“Assistant Fire Chiefs are responsible for the general supervision of all fire fighting activities during an assigned shift. Work is performed under the general supervision of the Deputy Fire Chief, but the employee retains considerable responsibility for planning and developing programs, methods and procedures.”
It is clear that, as an assistant fire chief, White performed office or nonmanual work directly related to management policies.
Our supreme court, citing Southern Ry. Co. v. Roberts, 380 So.2d 774 (Ala.1979), has held that: “Federal decisional law interpreting a federal statute ... is binding on [a state appellate court]_” Ex parte Gurganus, 603 So.2d 903, 906 (Ala.1992). In Roberts, our supreme court held that: ‘What constitutes negligence for the purposes of the Federal Employers Liability Act is a federal question, and federal decisional law formulating and applying the concept governs. Urie v. Thompson, 337 U.S. 163, 174, 69 S.Ct. 1018, 1027, 93 L.Ed. 1282, 1295 (1949).” Roberts, 380 So.2d at 776. Likewise, we find that what constitutes an administrative employee exempt from the overtime provisions of the FLSA is a federal question, and federal decisional law governs. Roberts.
In Smith v. City of Jackson, the Fifth Circuit Court of Appeals held that district chiefs and battalion chiefs for the fire department were administrative employees and were exempt from the FLSA. In discussing what percentage of the district and battalion chiefs duties were administrative, the court noted that “[t]he vast majority of their time is spent waiting to respond to firefighting or lifesaving dispatch calls.” 954 F.2d at 297. Also in Atlanta Professional Firefighters Union, the Eleventh Circuit Court of Appeals held that fire department captains’ primary duties were to perform bona fide administrative tasks and that they were exempt from the overtime provisions of the FLSA.
Based upon the record facts and the above authority, we conclude that White, as an assistant fire chief, was primarily an administrative employee. Consequently, we find that there was no genuine issue of material fact that White was a salaried and an administrative employee exempt from the overtime provisions of the FLSA.
The City was entitled to a judgment as a matter of law. The judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.