On September 30, 1994, Donald J. Marnon filed a complaint, in the Houston County Circuit Court, against the City of Dothan (the City); and against Don Clements; Chester Sowell; John Glanton; and George Williams, all individually and as commissioners of the City of Dothan (collectively referred to herein as the Commissioners). Marnon's complaint stated six separate counts.
The first count of Marnon's complaint alleged that the City had breached an April 7, 1987, employment contract between Marnon and the City, whereby Marnon had been employed as "city manager," by failing to pay him for compensatory time under the terms of that contract. The second count alleged that the City had breached a May 2, 1989, employment contract between Marnon and the City, whereby Marnon had been employed as "city manager," by failing to pay him for compensatory time under the terms of that contract. The third count alleged that the City had breached a May 4, 1993, employment contract between Marnon and the City, whereby Marnon had been employed as "city manager," by failing to pay him for compensatory time under the terms of that contract. The fourth count of Marnon's complaint alleged that the City had wrongfully terminated the May 4, 1993, employment contract on July 12, 1994; the fifth count alleged that the City had negligently terminated the May 4, 1993, employment contract on July 12, 1994; and the sixth count alleged that the Commissioners had intentionally interfered with Marnon's business and contractual relationship with the City, and that because of their interference *Page 757 
Marnon had been terminated from his employment on July 12, 1994, and had been caused to lose benefits under the terms of his employment contract with the City.
Marnon sought damages of $50,111.50, and costs, on count one of his complaint; $54,180, and costs, on count two; $9,975.50, and costs, on count three; $36,250 on count four; $250,000 on count five; and compensatory damages of $100,000 and punitive damages of $250,000 on count six.
On October 31, 1994, the City and the Commissioners filed a motion to dismiss. The grounds for the dismissal were: (1) that the complaint failed to state a claim upon which relief could be granted; (2) that the first and second counts of the complaint were barred by the statute of limitations; (3) that the claims alleged in the complaint were preempted by 29 U.S.C. § 207(o) and 213; (4) that count four of the complaint failed to state a claim upon which relief could be granted because Marnon had been an at-will employee; and (5) that the sixth count of the complaint was barred because, they said, the Commissioners were entitled to absolute immunity.
On December 1, 1994, Marnon filed a response to the motion to dismiss. That same day, the City and the Commissioners filed a brief in support of their motion to dismiss. Also on that same day, the trial court entered an order, finding that the Commissioners were immune from suit in their individual capacities, under the "doctrine of municipal legislative immunity." The trial court dismissed count six "against the individual Commissioners."
On December 16, 1994, the City and the Commissioners filed an answer, asserting the affirmative defenses of payment; Marnon's employee-at-will status; laches; waiver; good faith immunity; qualified immunity; absolute immunity; and the statute of limitations. They also asserted as affirmative defenses that punitive damages cannot be assessed against the City or its officials and that a city cannot be held liable for the intentional acts of its servants or employees.
On February 2, 1995, the City and the Commissioners filed a motion for summary judgment, with supporting affidavits and exhibits. On February 6, 1995, Marnon filed a response to the motion for summary judgment, requesting that the hearing on the motion be continued until Marnon had time to complete discovery.
On April 6, 1995, the City and the Commissioners filed additional affidavits and exhibits in support of their motion for summary judgment. On April 10, 1995, Marnon filed a brief in opposition to the motion for summary judgment, with supporting affidavits and exhibits. Marnon also filed a motion to strike or to disallow the additional affidavits and exhibits filed by the City and the Commissioners, and any briefs that the City and the Commissioners might file in support of their summary judgment motion. Marnon alleged that both the City and the Commissioners had failed to comply with Rule 56(c)(2), Ala.R.Civ.P., because, he said, they had filed the additional material in support of their motion for summary judgment less than 10 days before the date set for the hearing on the motion for summary judgment, April 13, 1995.
On April 11, 1995, the City and the Commissioners filed a brief in support of their motion for summary judgment. On April 13, 1995, the City and the Commissioners filed an opposition to Marnon's motion to strike or to disallow their additional affidavits and exhibits and their brief in support of their summary judgment motion. On April 20, 1995, the trial court entered a judgment, stating, in pertinent part:
 "In that the [additional affidavits and exhibits] and [the] final brief of [the City and the Commissioners] [were] not served at least 10 days prior to the hearing, upon objection and motion of [Marnon] such materials are stricken and not considered.
 "Upon consideration of the pleadings, other affidavits, depositions, and materials submitted by both sides, the Court finds that this case is governed by the terminology of the [three] contracts, particularly the existing contract dated May 4, 1993, as well as the provisions of the City Code and the Regulations and Rules of the City of Dothan relating to personnel and the laws *Page 758 
applying to City Managers and the City Manager form of government.
 "In the latest contract between the parties and those preceding, Section 2, paragraph B provides that 'Nothing in this agreement shall prevent, limit or otherwise interfere with the right of the City Commission to terminate the services of the Manager at any time, subject only to the provision set forth in Section 3, paragraph A, of this Agreement.' Section 3, paragraph A, requires payment of four months base salary as has been done in this case. Such provision is to be construed as a contract for employment at-will with [the] condition of the payment of the four months' base salary. Under such a contract, either party may terminate it for any reason.
 "In regard to compensatory time, Section 5 of said contract allows [Marnon] 'to take compensatory time off [as] he shall deem appropriate during normal office hours.' There is nothing in the contract requiring approval by anyone else. Therefore, [Marnon] has been allowed to take the compensatory time as he sees fit with no provision in the contract for monetary compensation for overtime hours nor for [the] accumulation of overtime hours to be later compensated in any manner. The contract does not so provide and the Court is not aware of any law or authority requiring such.
 "The Court finds that there is no ambiguity or room for interpretation of the employment contract, the subject of this case, with specific provisions therein governing the claims of [Marnon]. The Court finds that failure to provide written evaluation reports does not affect the upholding of the clear material provisions of the contract. Therefore, [the City and the Commissioners'] Motion for Summary Judgment is granted. . . ."
Marnon appeals, raising two issues: (1) whether the trial court erred in entering the summary judgment in favor of the City and the Commissioners, and (2) whether the trial court erred by dismissing count six of the complaint against the Commissioners individually. This case is before this court pursuant to § 12-2-7, Ala. Code 1975.
We first address whether the trial court erred in entering the summary judgment in favor of the City and the Commissioners.
An appellate court reviewing a summary judgment employs the same standard utilized by the trial court. Southern Guar. Ins.Co. v. First Alabama Bank, 540 So.2d 732 (Ala. 1989). A summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c)(3), Ala.R.Civ.P. Further, the moving party bears the burden of proof. Jones v.Newton, 454 So.2d 1345 (Ala. 1984).
Like the trial court, the appellate court views the evidence and resolves all reasonable doubts in favor of the nonmovant.Specialty Container Mfg., Inc. v. Rusken Packaging, Inc.,572 So.2d 403 (Ala. 1990). The burden is on the movant to show that there exists no genuine issue of material fact; however, once a party moving for a summary judgment makes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmovant to rebut the prima facie showing.McClendon v. Mountain Top Indoor Flea Market, Inc.,601 So.2d 957 (Ala. 1992). The opposing party must show by substantial evidence that there is a genuine issue of material fact that would require a resolution by a factfinder. Johnson v. CitizensBank, 582 So.2d 576 (Ala.Civ.App. 1991). Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v.Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989).
Marnon argues that the trial court erred in entering the summary judgment on his breach of contract claims, because, he says, pursuant to the Fair Labor Standards Act (FLSA),29 U.S.C. § 201 through 219 (1986 and Supp. 1994), he is entitled to be paid overtime compensation for the compensatory *Page 759 
time that he accumulated, and because, he says, Section 5, paragraph A, of his employment contract provided that he be allowed to "take compensatory time off . . . during normal office hours."
The FLSA requires employers to pay their employees for overtime at a rate of one and one-half times their regular wage. 29 U.S.C. § 207(a)(1); see also Moreau v. Klevenhagen,508 U.S. 22, 113 S.Ct. 1905, 123 L.Ed.2d 584 (1993); White v.City of Dothan, 643 So.2d 1005 (Ala.Civ.App. 1994). In 1985, the United States Supreme Court held that the overtime provisions of the FLSA apply to employees of state and local governments. Garcia v. San Antonio Metropolitan TransitAuthority, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016
(1985). Following that decision, the United States Department of Labor announced that it would hold state and local government employers to the standards of the FLSA, effective April 15, 1985. S.Rep. No. 99-159, p. 7 (1985), U.S. Code Cong. Admin. News 754, 758.
In response to the Garcia decision and to the Department of Labor's announcement, Congress amended the FLSA to afford state and local government employers some relief from the burden of paying cash overtime compensation to their covered employees. S.Rep. No. 99-150, 99th Cong., 1st Sess. 10, U.S. Code Cong. 
Admin. News 651, 671, 99 Stat. 787, as codified in29 U.S.C. § 207(o)(1). Subsection 7(o)(2)(A)(i) and (ii) of the FLSA provide that state and local government employers may provide compensatory time off in lieu of cash for overtime hours, pursuant to provisions of a collective bargaining agreement between the state and local government employer and the representatives of the employees; or in the case of employees not covered by a collective bargaining agreement, an agreement or understanding arrived at between the employer and the employee before the employee actually begins work for the employer. 29 U.S.C. § 207(o)(2)(A)(i) and (ii).
Although the City acknowledges that the provisions of the FLSA apply to its employees, the City asserts that Marnon's position as "city manager" exempted him from the overtime and compensatory time requirements of the FLSA, because, it says, relying on 29 U.S.C. § 213(a)(1), Marnon was employed in an "administrative capacity." Section 213(a)(1) of the FLSA specifically provides that the FLSA requirements set forth in § 207 shall not apply to "an employee employed in a bona fide executive, administrative, or professional capacity."
Section 11-44E-91, Ala. Code 1975, authorizes the appointment of a city manager by a majority vote of a city's commissioners, and § 11-44E-92 classifies the city manager as "the administrative head of the city." Therefore, we must conclude that Marnon, as "city manager," was employed in an administrative capacity and was exempt from the overtime and compensatory time off requirements of the FLSA.29 U.S.C. § 213(a)(1).
Marnon also argues that, considering the affidavit of the former mayor of the City, it is clear the parties intended that upon the termination of his contract, Marnon would be paid for any compensatory time that he had not used.
"The parol evidence rule provides that, absent some evidence of fraud, mistake, or illegality, a party to an unambiguous written contract cannot offer parol, or extrinsic, evidence of prior or contemporaneous oral agreements to change, alter, or contradict the terms of the contract." Environmental Systems v.Rexham Corp., 624 So.2d 1379, 1381 (Ala. 1993).
Section 5, paragraph A, of Marnon's 1993 employment contract authorized Marnon "to take compensatory time off [as] he shall deem appropriate during normal office hours." Accordingly, we conclude that Section 5, paragraph A, of the 1993 employment contract is clear and unambiguous, and that Section 5, paragraph A, does not provide for the cash payment of Marnon's accumulated compensatory time upon the termination of his contract. Furthermore, after carefully reviewing the record, we find that Marnon did not present any evidence of fraud, mistake, or illegality regarding the terms of his employment contract, and, therefore, we conclude that the affidavit of the former mayor of the City cannot be considered in determining whether Marnon was entitled to be paid *Page 760 
for his accumulated compensatory time. Consequently, we conclude that Marnon's employment contract did not entitle Marnon to a cash payment for any unused accumulated compensatory time.
Marnon further argues that the trial court erred in entering the summary judgment on his claim that the City had wrongfully terminated his 1993 employment contract, because, as he says, he had "stood up" to the Commissioners and had refused to condone illegal or unethical conduct.
Section 2, paragraph B, of Marnon's 1993 employment contract provides: "Nothing in this agreement shall prevent, limit or otherwise interfere with the right of the City Commission to terminate the services of [Marnon] at any time, subject only to the provisions set forth in Section 3, paragraph A, of this Agreement." Section 3, paragraph A, provides:
 "In the event that the City exercises its right to terminate Marnon before the expiration of the . . . term of employment and during such time [Marnon] is willing and able to perform the duties of City Manager, then in that event, the City agrees to pay [Marnon] a lump sum cash payment equal to his base salary for four months, provided, however, that in the event [Marnon] is terminated because of his conviction in the trial court of any felony then, in that event, the City has no obligation to give notice or pay the aggregate severance sum designated in this paragraph. In the event [that Marnon] voluntarily resigns his position with the City before the expiration of the aforesaid term of employment, then he shall give the City thirty days notice in advance."
Construing Section 2, paragraph B, and Section 3, paragraph A, of the 1993 employment contract together, we find it clear that Marnon's employment contract with the City was terminable at any time by either party, with certain conditions. Therefore, we conclude that Marnon was an at-will employee and that the City could terminate Marnon's employment at any time, for any reason, including an improper reason. Kidder v. AmSouth Bank,N.A., 639 So.2d 1361 (Ala. 1994); Salter v. Alfa Ins. Co.,561 So.2d 1050 (Ala. 1990).
Additionally, Marnon contends that the trial court erred by entering the summary judgment on his claim that the City had negligently terminated his employment contract. However, Marnon fails to cite any authority to support this contention. Rule 28(a)(5), Ala.R.App.P., provides that "[t]he argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on."See also McLemore v. Fleming, 604 So.2d 353 (Ala. 1992). Marnon's failure to cite supporting authority for his contention leaves this court with no alternative but to affirm as to this claim. Rule 28(a)(5), Ala.R.App.P.; Pierce v. Helka,634 So.2d 1031 (Ala.Civ.App. 1994).
Based on the foregoing, we conclude there were no genuine issues of material fact for a factfinder to consider and that the City and the Commissioners were entitled to a judgment as a matter of law.
We next address whether the trial court erred by dismissing count six of Marnon's complaint against the Commissioners individually. Count six alleged that the individual Commissioners had intentionally interfered with Marnon's business and contractual relationship with the City. Marnon asserts that although the trial court held that the individual Commissioners were entitled to legislative immunity, the Commissioners were not entitled to such immunity, because, he says, the Commissioners had threatened to terminate his contract "because he was doing what he was supposed to under the law."
The Commissioners assert that they were entitled to legislative immunity, because, they say, they voted to terminate Marnon's contract and their doing so was a legislative act, pursuant to § 11-44E-44(10), Ala. Code 1975. Section 11-44E-44(10) provides, in pertinent part:
 "The [city] commission shall be the legislative body of the city. It shall have powers vested in it by this chapter. These powers shall be as follows:
". . . . *Page 761 
 "(10) To employ the city manager; to discharge the city manager; to enter into [an] employment contract with the city manager."
Our supreme court has held that members of a city council and the mayor of the city, in their respective individual capacities, are entitled to absolute and unqualified immunity from personal liability in the performance of their duties in the consideration and adoption of a resolution. Tutwiler DrugCo. v. City of Birmingham, 418 So.2d 102 (Ala. 1982). However, the record is devoid of any admissible evidence indicating that the Commissioners adopted a resolution terminating Marnon's employment contract. Therefore, we cannot hold that the Commissioners are entitled to absolute immunity based on their performance of a legislative function.
However, the Commissioners also assert that they were entitled to qualified immunity because, they argue, the decision not to retain an employee is discretionary.
 "City officials acting within the general scope of their authority have a qualified or discretionary immunity and are not subject to tort liability for an administrative act or omission. Taylor v. Shoemaker, 605 So.2d 828 (Ala. 1992), adopting Restatement (Second) of Torts § 895D (1979). The Restatement provides that 'A public officer acting within the general scope of his authority is not subject to tort liability for an administrative act or omission if . . . he is immune because engaged in the exercise of a discretionary function.' Thus, as a general rule, city officials are immune from suit unless they violate clearly established law."
Ex parte City of Birmingham, 624 So.2d 1018, 1021 (Ala. 1993).
After a review of the record and the applicable law, we conclude that the Commissioners were statutorily vested with discretion in the hiring of Marnon and the termination of Marnon's employment contract. § 11-44E-44(10). Therefore, the Commissioners were entitled to qualified or discretionary immunity, and the trial court properly dismissed count six of Marnon's complaint against the Commissioners.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN, YATES, MONROE, and CRAWLEY, JJ., concur.