The dispositive issue in this appeal is whether the issuance of a revenue warrant by the City of Daphne ("the City") to finance the purchase of land adjacent to a retail shopping center on which the City would construct a parking lot violates § 94, Ala. Const. 1901, as amended by Amendment No. 112, Ala. Const. 1901. Because we hold, under the facts of this case, that § 94 does not prohibit the issuance of the warrant to finance the purchase and construction, we affirm the decision of the Baldwin Circuit Court.
The material facts underlying this action are undisputed. In July 2000, the City of Daphne's city council, by a vote of 4-3, adopted an ordinance approving the execution of a development agreement ("the Agreement") between the City and AIG Baker Development, L.L.C. ("AIG"). The Agreement provided that AIG would develop approximately 50 acres of land located in the City as a commercial shopping center and that the City would purchase from AIG approximately 19 acres of that land, which would be used as a parking facility for the shopping center. To finance the acquisition of the 19 acres and to pay for the construction of the parking lot, the City proposed to issue a revenue warrant.
Pursuant to § 6-6-750 et seq., Ala. Code 1975, the City, the city council, and the mayor filed a petition in the Circuit Court of Baldwin County, seeking to validate a $5,700,000 limited obligation revenue warrant ("the Warrant"), which, upon issuance, would be used to purchase the 19 acres and to construct the parking lot. John David Whetstone, Baldwin County's district attorney, filed an answer on behalf of the taxpayers and citizens of the City, opposing the issuance of the Warrant. Alfred Guarisco, Jim Ward, and Edgar Shulby ("the Citizens") also filed an answer opposing the issuance of the Warrant.[1]
Specifically, the district attorney and the Citizens asserted, among other things, that the proposed use of the proceeds of the Warrant violated § 94, Ala. Const. 1901, because, they argued, the parking lot would not be used for a public purpose. This assertion is the basis for the Citizens' appeal.
After conducting a bench trial, the trial court concluded that the issuance of the Warrant did not violate § 94 *Page 752 
because, it reasoned, the Agreement constituted an ordinary commercial contract and because the purchase of the land for, and the construction of, the parking lot was for a public purpose. We agree, and we adopt the reasoning in the trial court's order, which is quoted here in full:
 "This cause coming on for hearing is submitted on the petition for validation filed by the City of Daphne, Alabama. Present for the hearing were the legal representatives of the City of Daphne[;] . . . the Taxpayers and Citizens of the City of Daphne, Alabama, were represented. . . . The Court, having taken and considered sworn testimony and the oral arguments and written briefs submitted by the parties, finds as follows based upon the evidence presented in this cause:
"FINDINGS OF FACT AND CONCLUSIONS OF LAW
 "1. The District Attorney of Baldwin County has been properly served in this cause. In accordance with the provisions of Section 6-6-752(c) of the Code of Alabama 1975, as amended, the District Attorney of Baldwin County has reviewed the complaint in this cause and raised those legal issues he deemed appropriate for contest and review by the Court. Lloyd Taylor, on behalf of the individual taxpayers and citizens named hereinabove, joined in certain assertions by the district attorney and made separate arguments as well.
 "2. Due and proper legal notice to the taxpayers and citizens of the City of Daphne, Alabama, has been given by publication as evidenced by the proof of publication submitted as evidence in this cause.
 "3. The ordinance authorizing the Warrant which is the subject of this lawsuit was duly adopted by the City Council of the City of Daphne, Alabama.
 "4. The City is authorized to issue the Warrant proposed to be validated.
 "5. The City is authorized to acquire property for the purpose of providing a parking facility.
 "6. The Warrant sought to be validated will constitute a debt or indebtedness of the City under the provisions of Section 225 and/or Section 226 of the Constitution of the State of Alabama. The debt or indebtedness of the City as evidenced by said Warrant will not exceed the debt limit of the City prescribed therein. The assessed value of the real property owned by the City of Daphne, Alabama is $138,654,038.00 according to the testimony of Phil Nix, Revenue Commissioner for Baldwin County. (Additionally, the assessed value of the personal property of the City is $7,917,378.) The debt limit prescribed is 20 percent of the assessed value. Twenty percent of $138,654,038.00 is $27,730,807.60. The City of Daphne's preexisting application debt or indebtedness is $19,956,777.00. The indebtedness to be incurred pursuant to the Warrant sought to be validated in this proceeding totals $5,700,000.00. The total debt or indebtedness of the City of Daphne, Alabama after the new debt is incurred will be $25,656,777.00, which is less than the limit of $27,730,807.60.
 "7. The City is not prohibited from pledging the tax revenues levied pursuant to Ordinance No. 1990-15 as security for the warrant.
 "8. The City is not prohibited from limiting the amount of principal and interest in a year.
"9. The City has properly levied the pledged tax. *Page 753 
 "10. The interest rate of the Warrant is not in excess of that permitted by law.
 "11. The City is not prohibited from executing and delivering the Development Agreement described in the complaint or complying with its terms insofar as it relates to the issuance of the Warrant and the payment thereof.
 "12. There is no prohibition against the payment of monies to the tax-collecting authority in lieu of taxes by an entity or on behalf of an entity not required to pay taxes pursuant to state law.
 "13. The issuance of the Warrant does not constitute a lending of the credit of the City of Daphne in violation of Article IV, Section 94 of the Constitution of the State of Alabama, as amended by Amendment No. 112. The pertinent portion of Section 94, as amended, provides:
 "`The legislature shall not have power to authorize any county, city, town, or other subdivision of this state to lend its credit, or to grant public money or thing of value in aid of, or to any individual, association, or corporation whatsoever, or to become a stockholder in any such corporation, association or company, by issuing bonds or otherwise.'
 "Ala. Const., Art. IV, Section 94, as amended by Amendment No. 112. There is no lending of credit by a city when it enters into an ordinary commercial contract with an individual or corporation whereby benefits flow to both parties and there is consideration on both sides. Taxpayers Citizens of the City of Foley v. City of Foley, 527 So.2d 1261
(Ala. 1988); O'Grady v. City of Hoover, 519 So.2d 1292
(Ala. 1987); Mobile Wrecker Owners Ass'n, Inc. v. City of Mobile, 461 So.2d 1303 (Ala. 1984). The City, in this transaction, receives off-street parking for public use in consideration of the amount of the Warrant and the Developer receives the benefit of the amount of the monies represented by the Warrant and provides as consideration the property being purchased by the City of Daphne.
 "14. The purchase of real property for the construction or maintenance of a parking lot constitutes a public purpose. The general population is not excluded. Anyone can use the parking lot. The parking lot may be used by persons who shop, eat, or work in the area of the parking lot. The property may be used for other purposes after the restrictions on its use expire in 2099. The City, as owner of the property, will maintain certain control over the use of the property.
 "15. The City of Daphne Land Use and Development Regulations are not relevant to this proceeding. The City and AIG Baker Development will be required to fully comply with all applicable regulations, but it is not for this Court to speculate that they will or will not be able to comply as a part of this validation proceeding.
 "16. The Individual Defendants' request for an award of attorney's fees is due to be denied as they are not the `prevailing party' and further there is no statutory, contractual or equitable grounds for granting the same.
"CONCLUSION
 "IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, that the City of Daphne, Alabama is authorized to issue the Warrant, that all proceedings had or taken in connection therewith are legal and valid, that all revenues provided for the payment of the Warrant are legal and valid, that all covenants and provisions contained in the Warrant Ordinance are legal and *Page 754 
 valid, that the City is authorized to issue and sell the Warrant in the form, manner, and for the purposes contemplated in the Warrant Ordinance, and that the approval and execution of the Development Agreement is proper, legal and within the power and authority of the City insofar as it relates to the issuance and payment of the Warrant.
 "IT IS FURTHER ORDERED that the Individual Defendants' Counterclaim is denied and their request for the award of an attorney's fee is denied.
"DONE this the 14th day of September, 2000.
"/s/ Lyn Stuart
"CIRCUIT JUDGE"
See also Ala. Code 1975, §§ 11-61-1 to 11-61-3 (regarding the "[a]uthority of towns and cities with respect to parking facilities").
In holding as we do, we note that we are not given the power to review the "wisdom or unwisdom, or the rightness or wrongness" of laws passed by the governing bodies of municipalities. Episcopal Foundation of JeffersonCounty v. Williams, 281 Ala. 363, 367, 202 So.2d 726, 729 (1967). The City of Daphne had the power to act as it did; its action did not violate § 94 of the Constitution of Alabama of 1901, as amended by Amendment No. 112.
AFFIRMED.
Lyons, Brown, Johnstone, Harwood, and Woodall, JJ., concur.
Moore, C.J., and See, J., dissent.
Stuart, J., recuses herself.*
* Justice Stuart was the trial judge in this case.
[1] The district attorney participated in the proceedings below but is not participating in this appeal.