Plaintiff, Mobile Wrecker Owners Association, Inc. (Wrecker Owners), brought suit questioning the validity of a contract between the defendants, the City of Mobile (City) and Port City Wrecker Service and Garage, Inc. (Port City).
Port City entered into a contract with the City whereby Port City agreed to provide wrecker service and storage for certain vehicles. The contract requires Port City to provide tow away services for any vehicles parked or abandoned on any portion of any street in Mobile in a tow away zone, any vehicle seized or impounded by the city police department and any vehicle that the police department deems necessary to remove from the public streets. Port City supplies the trucks and truck operators, along with other personnel needed to secure the vehicles while stored. Port City is required to store the vehicles until payment of any fine or penalty imposed by the City. Under the agreement, Port City has the right to charge the owner of a vehicle removed by Port City towing and storage charges. The contract also provides that any vehicle abandoned in storage or left impounded or stored for a period of ninety days can be sold by the City at public auction, and the proceeds of the sale divided between the City and Port City, four-fifths of the proceeds going to Port City and the other one-fifth being retained by the City.
In consideration for providing the wrecker services, the City leased Port City city-owned property located in Mobile. Port City uses the property to perform its con-tract and also to operate its body shop business. On this property is also a city-owned concrete block building from which Port City performs the contract and operates its body shop business. Port City maintains the building and property. The City is required under the contract to provide and maintain two-way radio equipment in the tow trucks.
The plaintiff's four-count complaint alleges that:
1. The contract provisions allowing Port City to occupy City property and allowing the City to provide and maintain a two-way radio system in Port City's tow trucks violates the Constitution of Alabama, Article IV, § 94, as amended by Amendment No. 112. (Count 1.)
2. The contract was not in compliance with § 62, Mobile City Code, which regulates the operation of wreckers and wrecker companies in the City. (Count 2.)
3. The City does not receive any rents or compensation for the use of the property owned by the City. (Count 3.)
4. If it is found that Port City does pay some rent or compensation for the use of city property, then that rent or compensation is inadequate and constitutes waste of the City's resources. (Count 4.)
The City filed a motion to dismiss the complaint. The trial court granted the motion as to counts one and four, denied the motion as to count two and treated the motion as to count three as a motion for a more definite statement. Wrecker Owners did not amend or elaborate on count three, and in its briefs it treats that count as also having been dismissed. We will also consider count three as having been dismissed. The City later filed a motion for summary judgment and an amended motion for summary judgment as to count two, which was granted. Port City's motion to dismiss the complaint was denied and its motion for summary judgment as to all counts granted.
Plaintiff appeals and raises the following issues:[1]
1. "Whether the contract entered into between the City of Mobile and Port City Wrecker Service and Garage, Inc., is subject to the competitive bid requirement of *Page 1306 
Section 41-16-50 (a)(1), Code of Alabama (Supp. 1982)."
2. "Whether the contract entered into between the City of Mobile and Port City Wrecker Service and Garage, Inc., is in violation of Section 41-16-57, Code of Alabama (1975)."
3. "Whether or not the appellees' alleged violations of the bid laws applicable to the State of Alabama are relevant to the issues raised on appeal in this case."
4. "Whether or not the City of Mobile and Port City Wrecker Service violated Section 94 of the Alabama Constitution as amended by Amendment Number 112."
We address the first three issues together. A review of the complaint reveals that on its face it does not set forth either a violation of the competitive bid law under § 41-16-50 (a)(1) or a violation of § 41-16-57 (e), which limits the term of service contracts to three years. Plaintiff contends that the bid law was implicitly made an issue in counts three and four. Plaintiff relies on cases which correctly hold that one of the purposes of the bid laws is to secure economy and protect taxpayers. See Carson Cadillac Corporation v. City ofBirmingham, 232 Ala. 312, 167 So. 794 (1936). However, we fail to see how counts alleging failure or insufficiency of consideration raised the issue of whether the statutory bid laws compelling public advertising for bids were violated. A review of the record reveals that no such contention was ever made an issue in the trial court. There is no evidence in the record concerning whether bids were taken on the contract in question or even whether the bid laws applied. On appeal this Court is limited to a review of the record alone, and an issue not reflected in the record as having been raised in the trial court cannot be raised for the first time on appeal. Bechtel v.Crown Central Petroleum Corporation, 451 So.2d 793 (Ala. 1984). For the same reason, the issue of violation of § 41-16-57 (e), which was raised for the first time on appeal, is also not reviewable.
Plaintiffs also contend that the contract violates Alabama Constitution, § 94, as amended by Amendment No. 112. That section, as amended provides:
 "The legislature shall not have power to authorize any county, city, town, or other subdivision of this state to lend its credit, or to grant public money or thing of value in aid of, or to any individual, association, or corporation whatsoever, or to become a stockholder in any such corporation, association, or company, by issuing bonds or otherwise. It is provided, however, that the legislature may enact general, special, or local laws authorizing political subdivisions and public bodies to alienate, with or without a valuable consideration, public parks and playgrounds, or other public recreational facilities and public housing projects, conditional upon the approval of a majority of the duly qualified electors of the county, city, town, or other subdivision affected thereby, voting at an election held for such purpose."
Section 94 "was designed to prevent the expenditure of public funds in aid of private individuals or corporations by reason of which a pecuniary liability, a debt of the municipality, is incurred." (Citation omitted.) Opinion of the Justices,294 Ala. 555, 567, 319 So.2d 682, 694 (1975). There is no lending of credit by a public body when it enters into an ordinary commercial contract, with benefits flowing to both parties and a consideration on both sides. Ramer v. City of Hoover,437 So.2d 455 (Ala. 1983); Rogers v. City of Mobile, 277 Ala. 261,169 So.2d 282 (1964).
Port City moved for summary judgment on this count and filed a copy of the contract and affidavits in support of its motion. The standard employed to determine when summary judgment is appropriate was succinctly stated in Lantrado, Inc. v. HenryCounty Bank, 452 So.2d 1328, 1329, 1330 (Ala. 1984):
 "It is, of course, axiomatic that a motion for summary judgment tests the evidence under the scintilla rule to determine whether there is a genuine issue of *Page 1307 
material fact. Matthews v. Mountain Lodge Apartments, Inc., 388 So.2d 935 (Ala. 1980); Coggin v. Starke Brothers Realty Co., 391 So.2d 111 (Ala. 1980). When such a motion is made and supported, the adverse party may not stand on the mere allegations or denials of the pleadings, but must submit facts controverting those facts presented by the moving party. Butler v. Michigan Mutual Ins. Co., 402 So.2d 949 (Ala. 1981).
". . . .
 ". . . Under Rule 56 (e), A.R.Civ.P., if the adverse party does not respond to the motion, which is supported by affidavits or otherwise, setting forth specific facts showing a genuine issue for trial, `summary judgment, if appropriate, shall be entered against him.'"
The first count of plaintiff's complaint reads as follows:
FIRST CAUSE OF ACTION
 "1. On or about the 27th day of March, 1979, the Defendants entered into a contract whereby the Defendant Port City Wrecker Service and Garage, Inc., (hereinafter referred to as Port City) promised to provide wrecker service for the City of Mobile.
 "2. The Plaintiffs, Mobile Wrecker Owners Association, Inc., Massey L. Moseley, Jr., R.B. Harrelson and Bud Erb, are citizens and taxpayers of the City of Mobile.
 "3. The contract provided for Port City to occupy City property without the payment of any rent and also for the City to provide and maintain a two-way radio system for Port City.
 "4. This aforementioned provision violated the Constitution of Alabama, Article IV, Section 94 as amended by Amendment No. 112.
 "WHEREFORE, the Plaintiff, Mobile Wrecker Owners Association, Inc., asks that the contract be declared void."
Paragraph three could be read as stating a cause of action for violation of § 94, in that it alleges that the City gave a thing of value in aid of a corporation. However, paragraph one of that count apparently indicates there was no violation of § 94, since it states that Port City entered into a contract in which it promised to provide wrecker service for the City. As previously stated, § 94 does not prohibit the City from entering into ordinary commercial contracts, with benefits flowing to both parties and a consideration on both sides. The complaint itself, the contract and the affidavits of Mobile's police chief and the chief operator of Port City, submitted in support of summary judgment, reveal that this was a contract for services, with benefits flowing to both parties and consideration on both sides.
In summary, the contract provides that Port City will furnish two wreckers with operating personnel and equipment, which shall be available 24 hours daily on demand of the police. Port City will also agree to store and protect all towed vehicles. Port City is entitled to charge the vehicle owners for towing and storage. The City, in exchange, leases to Port City property from which it can operate and on which it stores vehicles. The City also provides and maintains the two-way radios in the wreckers.
The plaintiff offers no evidence to suggest that this was not an ordinary commercial contract. Under these circumstances, the summary judgment was appropriate, and that judgment is due to be affirmed.
The City's motion to dismiss the first count of plaintiff's complaint, alleging a violation of § 94, was granted. A complaint is not subject to dismissal for failure to state a claim unless it appears that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Roberts v. Meeks, 397 So.2d 111 (Ala. 1981).
A cause of action for violation of § 94 in this case should allege that the City gave away a thing of value in aid of the corporation. The complaint on its face seemingly states that in fact the City did not give the property for storage and the radios to the corporation, but instead exchanged those things in consideration for *Page 1308 
Port City's providing wrecker service. While there is authority for dismissing a complaint which on its face has a built in defense that is an absolute bar to the action (Sims v. Lewis,374 So.2d 298 (Ala. 1979); McGruder v. B. L. ConstructionCo., 293 Ala. 354, 303 So.2d 103 (1974); see also 1 C. Lyons,Alabama Practice 175 (1973)), this is not such a complaint. This count was dismissed more than two years before the summary judgment motions were made. At that time the court had before it only the complaint and the motion to dismiss. At the time the motion was granted the trial court could not conclusively say that there was an ordinary commercial contract in existence which would be a defense to the allegation that the City was giving away the property. The existence or nonexistence of an "ordinary commercial contract" was a question of fact. At the time the motion was granted, it was conceivable that plaintiffs could have shown that the agreement was not an "ordinary commercial contract." Therefore, the trial court erred in dismissing that count of the complaint.[2]
The judgment of the trial court is therefore to be affirmed, except for that part of the judgment which dismissed count one of plaintiff's complaint as to the City.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
FAULKNER, ALMON, EMBRY and ADAMS, JJ., concur.
[1] Issues one and two were presented in appellant's initial brief. Issues three and four were presented in appellant's reply brief. Issue three is not really a separate issue, as it merely attempts to refute the appellees' argument that issue one, violation of the bid law, is in fact not an issue properly reviewable on this appeal.
[2] We recognize that while we find dismissal was improper as to the City, we found summary judgment was proper on the same issue as to Port City. While it may seem useless to remand on this issue as to the City in light of our disposition of the same issue on summary judgment, conceivably the plaintiff could present some evidence which would make summary judgment improper.