The plaintiff, Bobby Earl West, has filed two appeals from a summary judgment for the defendants, the City of Mobile and Port City Wrecker Service and Garage (Port City). We initially dismiss appeal No. 1951158 because it is a mere duplicate of appeal No. 1950692. West contends that a contract between Mobile and Port City violated the Competitive Bid Act, §41-16-20, Ala. Code 1975. The trial judge held that West's action was barred by the doctrine of res judicata. We agree; therefore, we affirm.
In 1979, Mobile and Port City entered into a contract whereby Port City agreed to provide wrecker service and storage for certain vehicles. The contract requires Port City to provide tow-away services for any vehicles parked or abandoned in Mobile's tow-away zones, any vehicles seized or impounded by the city police department, or any vehicles the police find necessary to move. Port City does not receive payment from Mobile for these services. Instead, under the contract it receives money from the owners of the vehicles it tows. The contract was never publicly bid on.
In 1995, West sued Mobile and Port City, alleging that the wrecker service contract violated the Competitive Bid Act and § 22 of the Alabama Constitution. Port City and Mobile moved for a summary judgment. Both claimed the action was barred by the doctrine of res judicata because Port City and Mobile had defended a similar lawsuit that questioned the validity of the same contract. See Mobile Wrecker Owners Association, Inc. v.City of Mobile, 461 So.2d 1303 (Ala. 1984). In Mobile WreckerOwners Association, the Association alleged that the contract between Port City and Mobile violated the Alabama Constitution and § 62 of the Mobile City Code. On appeal to this Court, the Association attempted to raise the issue whether the contract violated the Competitive *Page 16 
Bid Act. This Court refused to address the issue because it had not been raised at the trial level. In West's case, the trial court entered a summary judgment in favor of Port City and Mobile because it concluded that the doctrine of res judicata barred the action. West appealed.
In order to determine whether West's claims are barred by the doctrine of res judicata, we must examine the elements of res judicata. For the doctrine of res judicata to apply:
 "(1) [T]he question or fact must have been litigated and determined by a court of competent jurisdiction; (2) the final judgment must have been rendered on the merits; (3) the parties, or those in privity with them, must be of such a relationship to the parties in the subsequent action as to entitle them to the benefits and/or burdens of the prior litigation; (4) the same cause of action must be involved in both lawsuits.
 "If these essential elements are met, any issue that was, or could have been, adjudicated in the prior action is barred from further litigation."
Hughes v. Martin, 533 So.2d 188, 190 (Ala. 1988).
West contends that the doctrine of res judicata does not apply to this case because he is not the same party as Mobile Wrecker Owners Association and is not in privity with that Association. We disagree; we conclude that West is in privity with the Association. In Century 21 Preferred Properties, Inc.v. Alabama Real Estate Commission, 401 So.2d 764, 770
(Ala. 1981), this Court stated:
 "Judgments can bind persons not party (or privy) to the litigation in question where the nonparties' interests were represented adequately by a party in the original suit. Southwest Airlines Co. v. Texas International Airlines, 546 F.2d 84, 94-95 (5th Cir. 1977). A person may be bound by a judgment even though not a party to a suit if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative. Aerojet-General Corporation v. Askew, 511 F.2d 710, 719 (5th Cir. 1975)."
Like the Mobile Wrecker Owners Association, West is questioning the validity of the contract between Mobile and Port City. As wrecker owners, the plaintiffs in both cases had an interest in the contract. West contends that the Association could not be a virtual representative because no evidence shows that the Association was a taxpayer. To have standing to bring an action under the Competitive Bid Act, the plaintiff must be a taxpayer. We conclude that the evidence demonstrates that the plaintiffs in Mobile Wrecker Owners Association had standing to bring an action under the Competitive Bid Act. In MobileWrecker Owners Association, the plaintiffs were described in their complaint as "citizens and taxpayers of the City of Mobile." 461 So.2d at 1307. Therefore, they would have had standing to raise the issue of bid law violations. We find that the Association "is so closely aligned with [West's] interests as to be his virtual representative."
West also contends that the doctrine of res judicata does not apply because the cause of action in the two cases is not the same. He claims, because no bid law issues were raised in the first case, that the evidence is different. This Court has stated that if the elements of res judicata are met, then any issue that "could have been adjudicated in the prior action is barred from further litigation." Hughes v. Martin,533 So.2d 188, 190 (Ala. 1988). Therefore, it is of no consequence that the bid law violation was not raised in the first case, because the Association could have raised the issue. West also contends that the contract in Mobile Wrecker Owners Association is not the same contract at issue in his case because the towing prices have increased. We find that the contract expressly allows readjustments of the prices in the contract; therefore, West's argument on this issue is also without merit. We find that the contract, in its essential parts, is the same.
We hold that West's claims are barred by the doctrine of res judicata; therefore, Port City and Mobile's summary judgment is due to be affirmed. *Page 17 
1950692 — AFFIRMED.
1951158 — DISMISSED.
HOOPER, C.J., and SHORES, HOUSTON, INGRAM, and BUTTS, JJ., concur.
COOK, J., concurs in the result.