884 So.2d 796 (2003)
Stanley MORRIS et al.
v.
CORNERSTONE PROPANE PARTNERS, L.P., and David Dean.
1020949.
Supreme Court of Alabama.
October 10, 2003.
Rehearing Denied December 30, 2003.
*797 W. Lee Pittman and J. Chris Cochran of Pittman, Hooks, Dutton, Kirby & Hellums, P.C., Birmingham, for appellants.
John S. Casey of Casey, Casey & Casey, Heflin; and Steven G. Emerson and Thomas H. Davis of Stinson Morrison Hecker LLP, Kansas City, Missouri, for appellees.
LYONS, Justice.
Stanley Morris and the other plaintiffs in this case appeal from a summary judgment in favor of Cornerstone Propane Partners, L.P., and David Dean. We reverse and remand.
In a previous proceeding in the Calhoun Circuit Court (McDill v. Cornerstone Propane Partners, L.P., Case No. CV-98-127), certain named plaintiffs who were poultry farmers and members of the Calhoun County Poultry Association ("the McDill plaintiffs") asserted claims of breach of contract and fraud arising from an alleged agreement by Cornerstone Propane and Dean ("the propane defendants") to sell propane to the McDill plaintiffs at a stated price. The case was tried, and the trial resulted in a judgment for the propane defendants. Although the McDill proceeding was initiated on behalf of a putative class, it was not certified as a class action. The Calhoun County Poultry Association ("the Association") was named as a plaintiff in the McDill proceeding, but before the trial began in that case, the trial court limited the plaintiffs to the individuals named in the caption of the complaint.
Stanley Morris and other new plaintiffs who were not named in the McDill proceeding ("the Morris plaintiffs") have filed the instant action seeking essentially the same relief against the same propane defendants. The Morris plaintiffs are also poultry farmers and members of the Association. After the propane defendants moved for a summary judgment in this action, asserting the defense of res judicata based on the outcome of the McDill proceeding, the trial court entered a summary judgment in their favor.
The elements of res judicata are as follows:
"`(1) [T]he question or fact must have been litigated and determined by a court of competent jurisdiction; (2) the final judgment must have been rendered on the merits; (3) the parties, or those in privity with them, must be of such a relationship to the parties in the subsequent action as to entitle them to the benefits and/or burdens of the prior litigation; (4) the same cause of action must be involved in both lawsuits.'"
West v. City of Mobile, 689 So.2d 14, 16 (Ala.1997) (quoting Hughes v. Martin, 533 So.2d 188, 190 (Ala.1988)). We focus our attention in this case on the element of privity. The question before us, then, is whether the relationship between the plaintiffs in the two proceedings is one that would entitle the parties in the second proceeding to the benefits and/or burdens of the prior litigation. We conclude that the defense of res judicata does not apply to the case before us because the fact that the Morris plaintiffs were members of the same association to which the McDill plaintiffs belonged does not constitute a sufficient basis for concluding that the essential element of privity between the parties in *798 the McDill proceeding and in this proceeding exists.
In Mobile Wrecker Owners Association, Inc. v. City of Mobile, 461 So.2d 1303 (Ala.1984), a wrecker-owners association sued the City and a towing company, questioning the validity of a contract between the City and the towing company. This Court affirmed a judgment in favor of the wrecker-owners association. In West v. City of Mobile, supra, an individual wrecker owner attempted to relitigate the question. This Court found that the individual plaintiff was in privity with the association and affirmed the trial court's summary judgment based upon the doctrine of res judicata. In so holding, this Court stated:
"We disagree [with West's contention that there was a lack of privity]; we conclude that West is in privity with the Association. In Century 21 Preferred Properties, Inc. v. Alabama Real Estate Commission, 401 So.2d 764, 770 (Ala.1981), this Court stated:
"`Judgments can bind persons not party (or privy) to the litigation in question where the nonparties' interests were represented adequately by a party in the original suit. Southwest Airlines Co. v. Texas International Airlines, 546 F.2d 84, 94-95 (5th Cir.1977). A person may be bound by a judgment even though not a party to a suit if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative. Aerojet-General Corporation v. Askew, 511 F.2d 710, 719 (5th Cir.1975).'"
689 So.2d at 16 (emphasis added). West is entirely distinguishable from this case, however, because the wrecker-owners association was the plaintiff in the former action. Here, the Association was not a plaintiff in the former action; therefore, there is no basis for virtual representation of the Morris plaintiffs by the McDill plaintiffs arising from common membership in an association.
We find persuasive the discussion of virtual representation in Waddell & Reed Financial, Inc. v. Torchmark Corp., 243 F.Supp.2d 1232 (D.Kan.2003), in which the United States District Court for the District of Kansas applied Alabama law. After noting this Court's recognition of the concept of virtual representation in West, supra, the federal district court discussed the scope of virtual representation as follows:
"To support a finding of virtual representation, the Court ordinarily must find that the parties in the earlier action were in some sense proper agents for the latter parties so as to support preclusion of the latter claim. See Tice v. Am. Airlines, Inc., 162 F.3d 966, 971 (7th Cir.1998), cert. denied, 527 U.S. 1036, 119 S.Ct. 2395, 144 L.Ed.2d 795 (1999). Such an agency relationship may arise, for example, where the party in the first suit had some obligation to safeguard the interests of the party to the second suit. See Moldovan v. Great Atl. & Pac. Tea Co., 790 F.2d 894, 899 (3d Cir.1986), cert. denied, 485 U.S. 904, 108 S.Ct. 1074, 99 L.Ed.2d 233 (1988); see also Tyus v. Schoemehl, 93 F.3d 449, 455 (8th Cir.1996) (court will apply virtual representation only when existence of special relationship between parties justifies preclusion), cert. denied, 520 U.S. 1166, 117 S.Ct. 1427, 137 L.Ed.2d 536 (1997); Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 43 F.3d 1054, 1070 (6th Cir.) (virtual representation demands express or implied legal relationship in which parties to first suit are accountable to non-parties who file subsequent suit raising identical issues), cert. denied, 516 U.S. 912, 116 S.Ct. 296, 133 L.Ed.2d 203 (1995); Gonzalez v. Banco Cent. Corp., 27 F.3d 751, *799 762 (1st Cir.1994) (`the parties' independencethe inescapable fact that the [prior] plaintiffs were not legally responsible for, or in any other way accountable to, the [nonparty] plaintiffs  weighs heavily against a finding of virtual representation'); Amalgamated Sugar Co. v. NL Indus., Inc., 825 F.2d 634, 640 (2d Cir.) (interests of non-party must be adequately represented by another vested with authority of representation), cert. denied, 484 U.S. 992, 108 S.Ct. 511, 98 L.Ed.2d 511 (1987); Klugh v. United States, 818 F.2d 294, 300 (4th Cir.1987) (doctrine of virtual representation not applicable where interests of parties are separate or parties to first suit are not accountable to non-parties who file subsequent suit)."
243 F.Supp.2d at 1255-56 (emphasis added).
The McDill plaintiffs were not in any way accountable to the Morris plaintiffs. Furthermore, we cannot find any basis upon which to determine that the McDill plaintiffs were agents of the Morris plaintiffs. An elastic concept of privity violates due process of law. See Richards v. Jefferson County, 517 U.S. 793, 804-05, 116 S.Ct. 1761, 135 L.Ed.2d 76 (1996) ("[A]n extreme application of state-law res judicata principles violates the Federal Constitution.... A state court's freedom to rely on prior precedent in rejecting a litigant's claims does not afford it similar freedom to bind a litigant to a prior judgment to which he was not a party.").[1]
The propane defendants argue in their brief to this Court that because the Morris plaintiffs did not "challenge the constitutionality of the application of res judicata" in their arguments to the trial court, they cannot raise that issue on appeal. The Morris plaintiffs clearly argued before the trial court, as they do before us, that they were not in privity with the McDill plaintiffs. The heart of the concept of "virtual representation" is privity between the parties to the earlier and the subsequent litigation, and we rely upon the discussion of virtual representation quoted above in concluding that the Morris plaintiffs were not in privity with the McDill plaintiffs.
The propane defendants also argue that because the Morris plaintiffs did not cite to the trial court Richards and because the concept of "virtual representation" was not presented to the trial court, "it is clear that the trial court's summary judgment relies on privity, not `virtual representation.'" The trial court's order does not provide any reasons for the entry of the summary judgment. It merely recites that "there is no genuine issue of material fact that exists and therefore the Defendant [sic] is entitled to a Judgment as a matter of law." Even if the trial court had given its reasons for the judgment in favor of the propane defendants, this Court's *800 review of a summary judgment is de novo. Ex parte Anderson, 867 So.2d 1125 (Ala.2003).
Finally, the propane defendants' argument that the defense of res judicata should be applied here to prevent a duplicative and unnecessary lawsuit has no merit. Rule 23, Ala. R. Civ. P., was drafted to allow parties to avoid a multiplicity of actions by using the vehicle of class-action litigation. The propane defendants did not avail themselves of the protection of Rule 23 in the McDill proceeding. The answer filed by the propane defendants in the Morris proceeding demonstrates that the propane defendants viewed the class allegations in the McDill proceeding as a "sham" and that they were hostile to class-action treatment of the claims against them brought by the various members of the Association. Having received a favorable verdict in the McDill proceeding in which they were hostile to class-action treatment, the propane defendants cannot now be allowed to enjoy the benefits that class-action treatment of the claims in the McDill proceeding would have provided.
We reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOUSTON, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
SEE, J., dissents.
SEE, Justice (dissenting).
I respectfully dissent from the majority's opinion reversing the trial court's judgment and remanding the cause. In considering whether to apply the doctrine of res judicata, the majority opinion focuses on the element of privity. The majority opinion notes that one example of an identity of interest that gives rise to privity sufficient for the doctrine of res judicata to apply is when one party is the virtual representative of the other. See Leon C. Baker, P.C. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 821 So.2d 158, 165 (Ala.2001) (quoting Hughes v. Martin, 533 So.2d 188, 190 (Ala.1988)) (three definitions of privity have traditionally been used in Alabama: "`"(1) the relationship of one who is privy in blood, estate, or law; (2) the mutual or successive relationship to the same rights of property; [or] (3) an identity of interest in the subject matter of litigation"'").
The majority concludes that there cannot be privity in this case because "we cannot find any basis upon which to determine that the McDill plaintiffs were agents of the Morris plaintiffs." 884 So.2d at 799. However, such a finding is unnecessary if the parties nevertheless shared an identity of interest in the subject matter of the litigation. The majority fails to recognize that agency is but one example of an identity of interest. See NAACP v. Hunt, 891 F.2d 1555 (11th Cir.1990) ("Privity exists where the nonparty's interests were represented adequately by the party in the original suit. Privity also exists where a party to the original suit is `so closely aligned to a nonparty's interest as to be his virtual representative.'" (citations omitted)). In the case before us, the only contract the Morris plaintiffs claim Cornerstone Propane breached, and the only one on which they rely for a right to recover damages, is the contract purportedly made between the Calhoun County Poultry Association and Cornerstone Propane; the Morris plaintiffs did not have separate contracts with Cornerstone Propane. Therefore, any benefits they hoped to receive because of the contract came from their membership in the Association and their interest as third-party beneficiaries.
*801 This interest is identical to the interest of the McDill plaintiffs. Both groups are made up of members of the Association seeking to enforce a contract the Association allegedly made on their behalf. Because the interests of the McDill plaintiffs and the Morris plaintiffs are identical, the interest of the Morris plaintiffs was adequately represented in the McDill litigation. See Century 21 Preferred Props., Inc. v. Alabama Real Estate Comm'n, 401 So.2d 764, 770 (Ala.1981) (stating that judgments can bind persons not party to the litigation where their interests were adequately represented).[2]
I respectfully dissent.
NOTES
[1] Justice See's dissent relies upon NAACP v. Hunt, 891 F.2d 1555 (11th Cir.1990), and its holding as to virtual representation. In Doctor's Associates, Inc. v. Reinert & Duree, P.C., 191 F.3d 297 (2d Cir.1999), the United States Court of Appeals for the Second Circuit discussed recent cases from the United States Supreme Court dealing with virtual representation, in which the Supreme Court noted the impropriety of treating nonparties in privity with parties in other litigation represented by the same attorneys where there is no basis to conclude that the nonparties had reason to believe their rights would be conclusively resolved in the prior litigation, in which the parties in the earlier litigation did not understand that their claims were being asserted on behalf of absent parties, and in which the record does not show that the trial court in the previous litigation took care to protect the interests of nonparties. 191 F.3d at 304-05, discussing and referring to Richards v. Jefferson County, 517 U.S. 793, 116 S.Ct. 1761, 135 L.Ed.2d 76 (1996), and South Central Bell Tel. Co. v. Alabama, 526 U.S. 160, 119 S.Ct. 1180, 143 L.Ed.2d 258 (1999).
[2] If the Morris plaintiffs had been suing to enforce individual contracts each had had with Cornerstone Propane, then there would not have been an identity of interest, and the analysis would be different. An individual farmer has no interest in a contract executed by another farmer with the same supplier. However, this case involves plaintiffs attempting to relitigate the question whether a contract exists between the Association and Cornerstone Propane. A court of competent jurisdiction has already considered that question and answered it in the negative.