[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 504 
EB Investments, L.L.C. ("EB"), appeals from the order of the Madison Circuit Court dismissing with prejudice its action against Atlantis Development, Inc., Javad Ajdarodini, and Bobby Ajdarodini. We affirm in part, reverse in part, and remand.
 I. Facts and Procedure
The facts and procedural history of this case are complicated. At the heart of this dispute are two parcels of real property owned by Atlantis Development ("the property"), which are subject to multiple mortgages that have been assigned through a series of transactions to EB.
On September 20, 1996, Atlantis Development acquired the property by warranty deed. On the same day, Atlantis Development, Javad Ajdarodini, and Bobby Ajdarodini (hereinafter collectively referred to as "Atlantis") entered into a mortgage and security agreement with Jacobs Bank pursuant to which the property secured a loan of $28,000. Atlantis later executed two additional mortgages on the property with Jacobs Bank to secure loans in the amounts of $148,000 and $12,027.25, creating a total indebtedness secured by the property in the amount of $188,027.25. Subsequently, Jacobs Bank merged with Regions Bank.
On or about March 9, 1997, Atlantis received notice that a previous owner of the property intended to exercise a statutory right of redemption. Until that time, Atlantis had been unaware of the deficiencies in the chain of title of the property, i.e., that the previous owner of the property had purchased it at a foreclosure sale. The statutory right of redemption that allegedly existed was eventually assigned to another entity, John Lary, L.L.C., which sued Atlantis Development and others in the Madison Circuit Court in a separate action, CV-97-563 ("the Lary action"), on March 21, 1997, for the right to redeem the property. The right-of-redemption issue in the Lary action remained pending until November 4, 2004, when the circuit court entered a summary judgment for Atlantis Development and the other defendants in that action and concluded that John Lary, L.L.C., had no right to redeem the property.[1]
Though the Lary action is not before this Court in this appeal, we must discuss it because rulings in that case affect the present dispute between Atlantis and EB. Although we do not have the full record of the Lary action before us, a substantial portion of it, including the rulings pertinent to this dispute, is contained in the record of the instant case.
On July 2, 2003, Regions Bank assigned the three mortgages Atlantis had originally executed with Jacobs Bank to Mississippi Valley Title Insurance Company, who in turn on December 1, 2003, assigned the mortgages to Aquarius Investments, Inc. Soon thereafter, Aquarius Investments, finding Atlantis in default, sought to foreclose on the property. *Page 505 
On December 29, 2003, after three weeks' notice by publication in the Madison County Record, a newspaper of general circulation published in Madison County, Aquarius Investments conducted a public foreclosure sale, a remedy provided under the terms of the mortgages; at the sale, Aquarius Investments purported to purchase the property for a credit against the indebtedness secured by the senior mortgage. On December 30, 2003, Aquarius Investments assigned the two junior mortgages on the property to EB, who, in turn, having acquired the next priority mortgage against the property, exercised its statutory right of redemption and obtained title to the property. On that same day, EB notified Atlantis that it had obtained title to the property and gave Atlantis 10 days to vacate the premises.
On January 5, 2004, Atlantis acknowledged receipt of EB's notice to vacate; Atlantis, however, did not vacate. Instead, on January 8, 2004, Atlantis filed a motion for a temporary retraining order ("TRO") against EB with the circuit court in the Lary action. At that point, EB had not sued Atlantis. Furthermore, EB was never named as a party in the Lary action. The circuit court in the Lary action granted Atlantis's motion and purported to retroactively void by a TRO the foreclosure sale that had occurred on December 29, 2003, and, as well, declared EB's vacation notice to Atlantis void.
On January 21, 2004, EB filed in the Madison Circuit Court[2] its initial complaint for ejectment against Atlantis. On that same day, the circuit court in the Lary action issued a preliminary injunction against EB.
In issuing the preliminary injunction, the circuit court in the Lary action once again declared the foreclosure sale and the vacation notice void. The court concluded:
 "4. The December 29, 2003 foreclosure sale regarding Lot 2, Block 2, Pavilion Phase 1, and Lot 12, Block 1, Pavilion Phase 2, and Notice to Vacate delivered December 31, 2003, should be deemed void due to:
 "(a) Any transactions regarding the real property involved in this litigation was [sic] strictly prohibited by this court during the August 19, 1998, hearing.[3]
 "(b) Notice was not provided to movants regarding the foreclosure sale as required by Section 6-8-66[,] Ala. Code (1975), nor did movants receive any form of actual notice.
 "(c) The mortgage under which the foreclosure sale occurred, should this court later determine the 1997 redemption by John Lary, L.L.C. was valid, could itself be deemed null and void.
 "5. Said sale should be deemed void due to the doctrine of unclean hands, since if allegations in movant's Cross-Claim against [Ray] McKee[4]
be proven would allow McKee to take advantage of his wrongful conduct in this transaction, in allowing the foreclosure to stand.
 "Accordingly it is hereby ORDERED, ADJUDGED AND DECREED,
 "A. That the foreclosure sale which occurred on December 29, 2003, is void and of no effect; and *Page 506 
 "B. That the vacation notice dated December 30, 2003 is also void and of no effect, and that movants are not required to comply with such notice; and
 "C. That this Court acknowledges jurisdiction, pursuant to Rule 65(d)(2)[, Ala.R.Civ.P.,] of not only the parties to this action, [the Lary action,] but also [EB] Investments, L.L.C., as being `in active participation or concert with' Defendant Ray McKee, and are, along with the parties to this action hereby enjoined from conducting any further transactions regarding the real property subject to this litigation, to include sending of vacation notices, ejectment proceedings, transfer of interests, foreclosure or any other actions until there has been a final adjudication in this matter as to the rights of the parties, status of redemption and other related matters."
The record of the case before us indicates that Ray McKee, a defendant in the Lary action, was the registered agent for EB and Aquarius Investments. Those entities appear to have been controlled by McKee's wife — apparently the ground on which the circuit court in the Lary action based its authority to include EB in the scope of its order.
On January 30, 2004, EB, along with Aquarius Investments, filed a special appearance in the Lary action in order to challenge the TRO and the preliminary injunction the circuit court had entered in that action. EB moved to declare both orders void under Rule 60(b)(4) and (6), Ala.R.Civ.P. While its Rule 60 motion was pending, EB petitioned the Alabama Court of Civil Appeals for a writ of mandamus; that petition was subsequently transferred to this Court. In its petition, EB asked this Court to direct the circuit court in the Lary action to rule on and grant its Rule 60 motion.[5] On April 15, 2004, this Court denied the petition, without an opinion. Ex parte EB Invs., L.L.C. (No. 1030922).
Following this Court's denial of its petition for a writ of mandamus, EB once again attempted to foreclose on the property occupied by Atlantis.[6] In its TRO and preliminary injunction purporting to void the first foreclosure sale, the circuit court in the Lary action had concluded that Atlantis had not been given sufficient notice of the foreclosure sale under §6-8-66, Ala. Code 1975;[7] thus, before the second foreclosure sale, EB served Atlantis via certified mail as well as through three weeks' publication notice. On June 21, 2004, following the three-week notice period, EB conducted another public foreclosure sale at which it purported to purchase the property for a credit against the indebtedness owed by Atlantis. On that same day, EB notified Atlantis that it had foreclosed on the property and once again *Page 507 
gave Atlantis 10 days to vacate the premises.
On July 2, 2004, the circuit court issued a new order in the Lary action in which it acknowledged that EB had conducted a foreclosure sale on June 21, 2004. The circuit court concluded that that sale was in direct violation of the preliminary injunction it had entered on January 21, 2004, and the court declared the sale and resulting vacation notice void. Furthermore, the circuit court ordered EB to appear and show cause why it should not be found in contempt of court.
On August 5, 2004, Atlantis filed a motion to dismiss this action. On August 19, 2004, EB filed its second amended complaint,[8] adding a count styled "Relief from Judgment or Order," asserting a collateral attack on the preliminary injunction issued against EB in the Lary action. On September 15, 2004, Atlantis moved to dismiss EB's second amended complaint, which we have construed as a motion for failure to state a claim under Rule 12(b)(6), Ala. R.Civ.P.[9]
On October 1, 2004, the circuit court in this case granted Atlantis's motion to dismiss all counts with prejudice. On October 29, 2004, EB moved the circuit court to alter, amend, or vacate its judgment under Rule 59(e), Ala.R.Civ.P. On November 12, 2004, following the resolution of the right-of-redemption issue in the Lary action by the summary judgment entered on November 4, 2004, EB supplemented its motion to alter, amend, or vacate the judgment. On November 17, 2004, the circuit court denied EB's motion, and this appeal followed.
 II. Standard of Review
The standard of review applicable to an order granting a motion to dismiss is well established:
 "`The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief. Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala. 1985); Hill v. Falletta, 589 So.2d 746 (Ala.Civ.App. 1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala. 1985); Rice v. United Ins. Co. of America, 465 So.2d 1100, 1101 (Ala. 1984). We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'"
Beckerle v. Moore, 909 So.2d 185, 187 (Ala. 2005) (alterations added in Beckerle) (quoting Nance v. Matthews, 622 So.2d 297,299 (Ala. 1993)).
Furthermore, when "[t]he trial court dismiss[es] . . . claims, based on the doctrine of res judicata; the application of that doctrine is a question of law." Walker v. Blackwell,800 So.2d 582, 587 (Ala. 2001). "`This Court reviews questions of law de novo.'" Alabama State Bar v. Quinn, 926 So.2d 1018, 1023 (Ala. 2005) *Page 508 
(quoting Tipler v. Alabama State Bar, 866 So.2d 1126, 1137
(Ala. 2003)).
 III. Analysis
We begin our analysis with the allegations in EB's complaint. Count 1 of the complaint, an action in ejectment, sought to recover possession of the property. In an action in ejectment, "the complaint is sufficient if it alleges that the plaintiff was possessed of the premises or has the legal title thereto, properly designating or describing them, and that the defendant entered thereupon and unlawfully withholds and detains the same." § 6-6-280(b), Ala. Code 1975.
In its complaint, EB asserts that it is the legal owner of the property, as a result of its foreclosure following the assignment of the mortgage from Aquarius Investments. Moreover, to the extent that the validity of that foreclosure sale is in doubt, EB asserts that it is the legal owner of the property as a result of its status as mortgagee. Additionally, EB adequately describes the property and alleges that Atlantis has wrongfully refused to vacate the premises.
Count 2 of the complaint claims money damages based on an alleged breach of contract. EB alleges that it has acquired, by assignment, the right to payments on the promissory notes executed by Atlantis. EB asserts that Atlantis has defaulted on those promissory notes, and it seeks a judgment for the balance owed on the notes.
Finally, count 3 of the complaint, styled "Relief from Judgment or Order," seeks to challenge, by collateral attack under Rule 60(b), Ala.R.Civ.P., the preliminary injunction issued in the Lary action on the ground that the injunction is void. Although the typical approach for attacking a judgment under Rule 60(b) is by filing a motion in the court that rendered the judgment, which EB had already done, the rule does provide for collateral attack on a judgment by filing an independent action. Under Rule 60(b), Ala.R.Civ.P., however, the grounds for relief on collateral attack apply only to a "final judgment, order, or proceeding." "Interlocutory orders and judgments are, therefore, not brought within the restrictive provisions of Rule 60(b), Alabama Rules of Civil Procedure, which provides for relief from final judgments."Hallman v. Marion Corp., 411 So.2d 130, 132 (Ala. 1982). As we discuss below, the preliminary injunction issued in the Lary action is not a final judgment or order. Consequently, count 3 of EB's complaint does not state a claim upon which relief can be granted, and we affirm the circuit court's dismissal as to this count.
As to its claims for ejectment and alleging breach of contract, EB's complaint states claims upon which relief can be granted. If this case involved a typical motion to dismiss, it would be an easy case to resolve. This case cannot be decided, however, without considering the effect of the preliminary injunction issued in the Lary action.[10] *Page 509 
While this Court is compelled to consider the effect of the preliminary injunction issued in the Lary action, we stress that the validity of that order is not properly before this Court; thus we express no opinion on that issue. We simply note that under Rule 4(a)(1)(A), Ala.R.App.P., EB had an appeal as of right, which it did not exercise, from "any interlocutory order granting, continuing, modifying, refusing, or dissolving an injunction, or refusing to dissolve or to modify an injunction." Therefore, we take the preliminary injunction issued in the Lary action as a fact of this case. With that settled, we focus on the order of the circuit court below dismissing EB's complaint with prejudice.
In granting Atlantis's motion to dismiss, the circuit court issued the following order:
 "Atlantis Development Co., Inc. [sic], Javad Ajdarodini and Bobby Ajdarodini, designated Defendants in the above-referenced matter, having filed a Motion to Dismiss and after briefing and oral argument by both sides this court finds as follows:
 "1. A Preliminary Injunction was entered by Honorable Bobby Aderholt on January 21, 2004, in CV-97-563, pending in Madison County Circuit Court, voiding a foreclosure sale of December 29, 2003 by Aquarius Investments, Inc., who subsequently assigned, on December 30, 2003, to Plaintiff, EB Investments, LLC, regarding the same two lots the subject of the action before this Court.
 "2. Further, on or about March 16, 2004, [EB] filed a Petition for Writ of Mandamus with the Court of Civil Appeals, the grounds being that the Temporary Restraining Order and Preliminary Injunction were void. The writ of mandamus was transferred to the Alabama Supreme Court and assigned Case No. 1030922. The Supreme Court, on April 15, 2004, denied [EB's] Petition for Writ of Mandamus, without opinion.
 "4 [sic]. A subsequent foreclosure was initiated by [EB], and a foreclosure sale occurred on June 21, 2004.
 "5. On July 2, 2004, Judge Aderholt entered an order reaffirming the prior preliminary injunction and ruled, based on the same grounds, that the June 21, 2004, foreclosure was also void.
 "6. A collateral attack is only proper if a judgment is void. [EB] has already exhausted its appellate remedy by seeking a Writ of Mandamus based on the grounds that the Preliminary Injunction was void, which writ was denied by the Supreme Court. It is
 "ORDERED, ADJUDGED AND DECREED, that this action is due to be dismissed, with prejudice, based on the doctrine of res judicata, with costs taxed to [EB]."
(Emphasis added.)
The plain text of the circuit court's order dismissing EB's action with prejudice states that it granted the relief "based on the doctrine of res judicata." The text of the order also indicates that the court determined that EB's action could not proceed while the preliminary injunction issued against it in the Lary action was in effect. The circuit court's order is not as clear, however, on precisely how the doctrine of res judicata relates to the preliminary injunction issued in the Lary action in order to support a dismissal of EB's action with prejudice.
The elements of the doctrine of res judicata are well-settled:
 "`"(1) [T]he question or fact must have been litigated and determined by a court of competent jurisdiction; (2) the final *Page 510 
judgment must have been rendered on the merits; (3) the parties, or those in privity with them, must be of such a relationship to the parties in the subsequent action as to entitle them to the benefits and/or burdens of the prior litigation; (4) the same cause of action must be involved in both lawsuits."'"
Morris v. Cornerstone Propane Partners, L.P., 884 So.2d 796,797 (Ala. 2003) (quoting West v. City of Mobile, 689 So.2d 14,16 (Ala. 1997), quoting in turn Hughes v. Martin,533 So.2d 188, 190 (Ala. 1988)). In this case, there were only two rulings on which the circuit court could have relied in dismissing EB's ejectment and breach-of-contract claims on the basis of the doctrine of res judicata — this Court's denial of EB's petition for the writ of mandamus challenging the preliminary injunction in the Lary action and the preliminary injunction itself. Because the doctrine of res judicata is inapplicable to either of these rulings, we must reverse.
Alabama law is clear: "`[T]he denial [of a petition for a writ of mandamus] does not operate as a binding decision on the merits.'" Ex parte Shelton, 814 So.2d 251, 255 (Ala. 2001) (quoting R.E. Grills, Inc. v. Davison, 641 So.2d 225, 229 (Ala. 1994)). "[B]ecause of the extraordinary nature of a writ of mandamus, the denial of relief by mandamus does not have res judicata effect." Cutler v. Orkin Exterminating Co.,770 So.2d 67, 69 (Ala. 2000); see also Bedsole v. Goodloe, 912 So.2d 508,516 n. 4 (Ala. 2005) (noting "that `without ordering an answer and briefs and without issuing an opinion, [the denial of a petition for the writ of mandamus] cannot have res judicata
effect on subsequent proceedings in light of the extraordinary nature of the writ of mandamus'" (quoting R.E. Grills,641 So.2d at 229) (alterations in original)). Therefore, to the extent that the circuit court's dismissal of EB's action against Atlantis rested on its conclusion that our denial of EB's mandamus petition in the Lary action barred EB's action against Atlantis in this case, it cannot stand.
The only other judgment that could arguably preclude EB's complaint in this case is the preliminary injunction issued in the Lary action. That injunction, however, cannot bar EB's action in this case under the doctrine of res judicata because it is neither a final judgment nor was it rendered on the merits of EB's ejectment and breach-of-contract claims. It is well established that when this Court reviews a preliminary injunction, "we are not reviewing a final judgment on a hearing of the case on its merits." Howell Pipeline Co. v. Terra Res.,Inc., 454 So.2d 1353, 1358 (Ala. 1984).
Although the circuit court, in issuing the preliminary injunction in the Lary action, purported to void the foreclosure sale conducted by Aquarius Investments, it did not void EB's acquisition of the mortgages Atlantis executed on the property. On its face, the preliminary injunction enjoins EB "from conducting any further transactions regarding the real property . . . until there has been a final adjudication in [the Lary action] as to the rights of the parties, status of redemption and other related matters." Thus, by its own terms, the preliminary injunction does not resolve EB's claims against Atlantis; rather, it seeks to suspend EB's actions regarding the property until the issues in the Lary action are resolved.
The principle that a mortgagee is entitled to possession of the mortgaged premises following default on the mortgage has been firmly established in Alabama since as early as Coker v.Pearsall, 6 Ala. 542 (1844). Regardless of the effect of the preliminary injunction in the Lary action on the prior foreclosure sale, EB, as mortgagee, *Page 511 
has never had its day in court on its right to seek possession of the property and its claim for breach-of-contract damages based on Atlantis's default on the mortgage. Therefore, the preliminary injunction cannot support the circuit court's conclusion that EB's ejectment and breach-of-contract claims in this case are barred by the doctrine of res judicata.[11]
In reaching our conclusion, we have focused on the plain language of the circuit court's order stating that EB's action should be dismissed "based on the doctrine of res judicata." We conclude that this dismissal results from an erroneous application of that legal doctrine. Therefore, we reverse the circuit court's order dismissing EB's claims for ejectment and alleging breach of contract.
We understand the predicament the circuit court faced in this case and its desire to resolve this dispute while the Lary action was pending in its own courthouse. In our system, "where two courts have equal and concurrent jurisdiction, the court that first commences the exercise of its jurisdiction in a matter has the preference and is not to be obstructed in the legitimate exercise of its powers by a court of coordinate jurisdiction."Ex parte State ex rel. Ussery, 285 Ala. 279, 281,231 So.2d 314, 315 (1970), quoted with approval in Ex parte Liberty Nat'lLife Ins. Co., 888 So.2d 478, 481 (Ala. 2003). We conclude, however, that the proper remedy in this case, in light of all the circumstances, was not to dismiss EB's action with prejudice on res judicata grounds. In reaching this decision, we express no opinion on the validity of EB's claims. Instead, we affirm the principle that every litigant deserves his day in court.
 IV. Conclusion
The preliminary injunction issued in the Lary action is not a final judgment or order, and the circuit court's order insofar as it dismisses EB's collateral attack on that injunction is affirmed. Because we determine that the circuit court erroneously applied the doctrine of res judicata in granting Atlantis's motion to dismiss EB's claims for ejectment and alleging breach of contract, we reverse its order of dismissal as to those claims and remand the case for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
LYONS, WOODALL, SMITH, and PARKER, JJ., concur.
[1] Evidently, this ruling disposing of the right-of-redemption issue in the Lary action did not conclude that action. In its brief to this Court, EB states that "[t]he Lary [a]ction has been pending since 1997 without any apparent prospect of resolution." EB's brief at 3.
[2] Although the Lary action and EB's action against Atlantis were both litigated in the Madison Circuit Court, the cases were assigned to different circuit judges.
[3] EB asserts that there is no record of a written order resulting from this hearing.
[4] Based on the record and the briefs in this case, it appears that Ray McKee, an attorney, was hired by Atlantis to close the real-estate transaction involving the property in this case. Evidently, one of the allegations in the Lary action is that McKee failed to inform Atlantis that an outstanding right of redemption existed with respect to the property.
[5] The record before us does not indicate if the circuit court in the Lary action ever ruled on EB's Rule 60 motion.
[6] At some point after the foreclosure sale conducted by Aquarius Investments, that entity was dissolved. On May 25, 2004, all of the shareholders of Aquarius Investments at the time of its dissolution assigned to EB their interests in the senior mortgage on the property (that mortgage securing the $28,000 loan to Atlantis at the time it purchased the property).
[7] Ala. Code 1975, § 6-8-66, requires:
 "The publisher or manager of the newspaper must send to the officer or person making the advertisement a copy of each issue of the paper containing it, and a copy of such paper must be sent by mail to the person to whom the notice is directed, if his post office address can be ascertained, by the officer or person making the advertisement, such copy to be furnished by the publisher or manager of the newspaper in addition to the copy of each issue required in this section to be furnished."
(Emphasis added.)
[8] After obtaining new trial counsel, EB filed an amended complaint in the circuit court on July 2, 2004, in which it added a breach-of-contract claim based on Atlantis's default on the promissory notes secured by the property.
[9] Atlantis's motion can also be construed as asserting the affirmative defense of the doctrine of res judicata. For the reasons discussed below, we conclude that that doctrine is inapplicable to this case.
[10] With its motion to dismiss, Atlantis attached to its filings the preliminary injunction issued in the Lary action and the Lary court's order reaffirming the preliminary injunction. If, on a motion to dismiss for failure to state a claim, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[, Ala.R.Civ.P.,]. . . ." Rule 12(b), Ala. R.Civ.P. "When a party refers to another proceeding or judgment of a court in his pleading before that same court, the court on motion to dismiss may take judicial notice of the entire proceeding." Lesley v. City of Montgomery,485 So.2d 1088, 1093 (Ala. 1986). Therefore, because the orders issued in the Lary action are matters outside the pleadings in this case, we treat Atlantis's motion to dismiss as a motion for a summary judgment.
[11] Atlantis asserts that the circuit court's order in this case was not based solely on the conclusion that EB's claims were barred by the doctrine of res judicata. It argues that the circuit court concluded that a collateral attack is proper only when a judgment is void. Atlantis argues that the court made an independent determination that the preliminary injunction issued in the Lary action was valid, and, thus, EB's entire complaint was an impermissible collateral attack on that judgment. This argument misses the point that neither the preliminary injunction nor any other order in the Lary action is a final judgment on the merits of the claims asserted in counts 1 and 2 of EB's complaint.