The majority opinion states in a footnote:
 "It should not be inferred from our holding today that there is no set of circumstances under which the plaintiff in this action could recover for a breach of the duty imposed by § 14-6-81; nor does our holding today mean that an agent of the DOC will always be entitled to immunity from an action alleging a breach of the duty imposed by that statute."
948 So.2d at 539 n. 4. It is fundamental that a complaint fails to state a claim "only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." EB Invs., L.L.C. v.Atlantis Dev., Inc., 930 So.2d 502, 507 (Ala. 2005) (internal quotation marks and citations omitted). Consequently, the Court should answer the certified question presented *Page 540 
here in the affirmative. Instead, without an adequate factual basis, the Court addresses issues concerning State immunity and State-agent immunity that are well beyond the scope of the certified question. Therefore, I respectfully dissent.
LYONS, J., concurs.