Facts and Procedural History
Robert Rester worked as a millwright at a foundry owned and operated by McWane, Inc., and its subsidiary, Union Foundry Company, for 24 years until his employment was terminated on September 19, 2002. During his employment, Rester witnessed numerous safety and environmental hazards, including the lack of doors on control panels, exposed wires in the ceilings, the lack of safety switches on overhead cranes, and the lack of belt guards on conveyers. Rester reported these violations to his direct supervisor, John Norris, and also to Norris's superior, John Ballion.
In May and June 2002, Rester took a medical leave of absence. During this time he was interviewed by James Sandler, a reporter for the New York Times, presumably about safety violations at the foundry at which Rester worked. Rester was fired when he returned to work after his medical leave of absence. After Rester was fired, a corporate official for McWane, Jim Proctor, set up a meeting with Ballion and with McWane's attorney "to rectify the situation." Following the meeting, McWane gave Rester the option of returning to work at a different location. Rester was then interviewed by a reporter for the Canadian Broadcasting Company about the numerous safety and environmental hazards at McWane. After the interview, Rester left several messages *Page 185 
with Proctor regarding the option of returning to work, but Proctor never responded.
On August 15, 2003, Rester sued McWane in federal court alleging three counts of wrongful termination: disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112(a); age discrimination in violation of the Age Discrimination in Employment Act of 1967,29 U.S.C. § 621 et seq.;[1] and employment discrimination in violation of the Alabama Age Discrimination in Employment Act, Ala. Code 1975, § 25-1-20 et seq. In a second amended complaint, filed on February 10, 2005, Rester alleged three additional counts against McWane: violation of the False Claims Act, 31 U.S.C. § 3729(a)(7); violation of the False Claims Act Whistleblower Protection Provision,31 U.S.C. § 3730(h); and wrongful termination of employment. Apart from his Alabama Age Discrimination in Employment Act claim, Rester's sole mention of state law in his complaint in the federal action was that "[o]n or about September 19, 2002, [Rester] was discharged from his employment as a result of his refusal to violate federal and state law." Apparently, two years later the federal court dismissed the federal claims with prejudice and dismissed the state-law claims without prejudice.[2] Rester then filed an action in the Calhoun Circuit Court against McWane, Union Foundry, and two individual defendants, asserting state-law claims. The: trial court granted the defendants' Rule 12(b)(6), Ala. R. Civ. P., motion and dismissed the action on the basis that the statute of limitations had expired. Rester appealed.
The applicable statute of limitations for Rester's state-law claims is two years. Rester now seeks to bring his state-court action three years after the statute of limitations began to run. Rester contends that his claims are nonetheless timely because, he argues, under the theory of pendent jurisdiction the statute of limitations for those claims was tolled when they were pending in the federal court.
 Issue
The issue in this case is whether, under 28 U.S.C. § 1367, the statute of limitations for Rester's state-law claims was tolled while his claims were pending in the federal court.
 Standard of Review
The appropriate standard of review of a trial court's grant of a motion to dismiss under Rule 12(b)(6) is
 "`"whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle [him] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [he] may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief"'"
EB Invs., LLC. v. Atlantis Dev., Inc., 930 So.2d 502,507 (Ala. 2005) (quoting Beckerle v. Moore,909 So.2d 185, 187 (Ala. 2005), quoting in turn Nance v.Matthews, 622 So.2d 297, 299 (Ala. 1993)) (citations omitted). *Page 186 
 Analysis
Rester alleges four separate counts in his state-court action, each subject to a two-year statute of limitations. He claims (1) wrongful termination in violation of Ala. Code 1975, §25-5-11.1; (2) unsafe working conditions in violation of Ala. Code 1975, § 25-1-1; (3) the tort of outrage and intentional infliction of emotional distress; and (4) termination of his employment "in violation of public policy."
Although Rester filed his complaint in the state court nearly a year beyond the two-year statutory deadline for filing such an action, he argues that his action is nonetheless timely because, he argues, the statute of limitations was tolled by the federal pendent-jurisdiction provision,28 U.S.C. § 1367, when his state-law claims were pending in the federal court. Section 1367 states, in pertinent part:
 "(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
 ". . . .
 "(d) The period of limitations of any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."
Section 1367(d) thus tolls state-law claims when those same claims are pending in federal court. This Court applied § 1367(d) in Roden v. Wright, 611 So.2d 333 (Ala. 1992). Roden filed a § 1983 action in federal court, which gave the federal court pendent jurisdiction over Roden's state-law claims. The federal court entered a summary judgment as to Roden's federal claim, thus removing its pendent jurisdiction of Roden's state-law claims. The federal court dismissed Roden's state-law claims without prejudice; Roden then sought to revive his state-law claims in the state court. The state trial court dismissed his claims as untimely, including in its calculation the time the state-law claims were pending in the federal court. This Court reversed its judgment, holding that under 28 U.S.C. § 1367(d) the statute of limitations was tolled while the state-law claims were pending in the federal court.
Rester contends that, like Roden, he sought to refile in the state court his state-law claims, which the federal court had dismissed without prejudice. We disagree; Roden is distinguishable from this case. The claims Roden refiled in the state court were the same state-law claims he had brought in the federal court; the claims Rester filed in the state court are distinct from the state-law claim he asserted in the federal court.
Under 28 U.S.C. § 1367(d), the statute of limitations for state-law claims is tolled only when a party seeks to refile in the state court the same state-law claims the party asserted in the federal court. Rester currently avers four counts against the defendants. First, he alleges that he was fired in violation of Ala. Code 1975, § 25-5-11.1, for making safety complaints to his superiors. Second, he alleges that the defendants violated Ala. Code 1975, § 25-1-1, and "undertook to compel [him] *Page 187 
to work in an unsafe and/or hazardous work area" and that the defendants "refused to eradicate" the dangerous work conditions, including "electrical cords in water, [lack of] doors on control panels, [and] exposed ceilings with no insulation," among other things. Third, Rester states that the defendants intentionally and/or recklessly caused him to suffer emotional distress in that it "compelled or otherwise forced [him] to work in a known hazardous area." Fourth, he argues that the defendants "cannot and should not be able to terminate [his employment] because he expressed a legitimate and well-founded concern about his health, welfare and safety with respect to his work area in which he was expected or otherwise required to perform his job duties."
The state-law claims Rester asserted in his complaint in the federal court were that the defendants violated the Alabama Age Discrimination in Employment Act of 1997, Ala. Code §25-1-20 et seq. and that he was wrongfully terminated `as a result of his refusal to violate federal and state law." This claim is wholly distinct from the state-law claims he now brings in the state court. None of the four claims upon which Rester now attempts to proceed relates to his refusal to violate state law; on the contrary, each of his current state-law claims involves the defendants' alleged violation of state law. Because § 1367 makes no allowance for tolling the statute of limitations for state-law claims that are not asserted in the federal action, we hold that the statute of limitations for Raster's current state-law claims was not tolled, and his action is thus untimely. Miller v. AmericanInt'l Group, Inc., (Ms. No. 3:04-CV-1417-P. May 9, 2005) (N.D.Tex.2005) (not reported in F.Supp.2d) (disallowing the tolling of a claim under § 1367 because the claim "was never pending as a supplemental claim in federal court").
 Conclusion
Because Rester's action is untimely, "`"it appears beyond doubt that [Rester] can prove no set of facts in support of the claim that would entitle [him] to relief."'" EBInvestments, 930 So.2d at 507 (quoting Beckerle,909 So.2d at 187, quoting in turn Nance,622 So.2d at 299). Thus, we affirm the trial court's dismissal of Rester's action under Rule 12(b)(6). Tucker v. Nichols,431 So.2d 1263, 1265 ("[A]n appellate court . . . will affirm the judgment appealed from if supported on any valid legal ground.").
AFFIRMED.
NABERS, C.J., and HARWOOD, STUART, and BOLIN, JJ., concur.
[1] Rester asserted in the federal action that he was over 40 years old at the time his employment was terminated.
[2] Rester's brief states: "A copy of Judge Propst's March 22, 2005 Order is attached hereto as Exhibit A"; however, no such exhibit is attached to Rester's brief.